[No. 40263.     Department One.     October 9, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY BROWN HELMS *et al.*, *Defendants*, CLAUDE FULTON JACKSON, *Appellant*.*

*William Merchant Pease*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Robert A. Wacker*, for respondent.

McGOVERN, J.—Claude Fulton Jackson appeals from the judgment and sentence entered upon a jury verdict finding him guilty of the crime of grand larceny.

*Reported in 459 P.2d 392.

The facts surrounding his arrest were these: About 1:45 a.m., November 1, 1967, he was a passenger in an unlighted Buick automobile being driven along a Seattle street. Police officers observed the vehicle, sounded a siren, and the Buick stopped in the middle lane of the street's three northbound lanes. One of the officers left the police car and approached the Buick. As he did so, the Buick suddenly "took off at a high rate of speed," going approximately 45 to 50 miles per hour in a 30-mile-per-hour speed zone. The car traveled a distance of about six blocks before it was again stopped.

The driver of the Buick was asked to produce his motor vehicle operator's license and a registration certificate for the automobile. He was unable to produce either of them. When asked to identify himself in some other manner, he removed from the glove compartment an envelope with the name "Edgar S. Bray" written on it and handed it to the officer. When asked to state his middle name, the driver said that he was unable to do so. Still later he said "that he couldn't remember who he was and [that he] forgot his own name." He was later identified as Jerry Brown Helms.

As the police officers questioned defendant and his two companions in the Buick, they observed two cases of Prestone antifreeze in the car, one on the front seat and the other on the rear seat. They also saw an automobile jack on the rear floor of the car. Officer Zampardo said that "I looked on the [automobile] floor and it looked like two checks, and as I looked at the pieces of paper that appeared to be checks I noticed that it said, 'Hal's Waterfront Service, 1524 Alaskan Way.'"

The officer thereupon radioed that information to police headquarters. Other officers checked Hal's Waterfront Service, a gasoline service station, found that one of its windows had been broken, and determined that someone had illegally entered the premises. When that information was relayed back to Officer Zampardo, the three occupants of the Buick were placed under arrest.

Evidence was then taken from the Buick. It consisted of the antifreeze, automobile jack, and other articles found

under a cloth on the back seat of the car. The covered articles could not be seen from outside the automobile, but were found when it was thoroughly searched. They were an R. C. Allen cash register, a Smith-Corona adding machine, and an automobile lubricating gun, each later identified by the owner of Hal's Waterfront Service as property taken from his station some time after it was closed on the night before the arrest. The admission of those items into evidence against defendant gives rise to the principal assignments of error raised on this appeal.

It is first said that the articles taken from the automobile should not have been admitted into evidence because they were obtained as the result of an illegal search and seizure. Defendant says that the search of the car was not predicated upon sufficient legal circumstances and that his constitutional right to freedom from an unreasonable search and seizure was therefore violated. He cites *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280 (1925); *Brinegar v. United States,* 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302 (1949); and *Preston v. United States,* 376 U.S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881 (1964) in support of his proposition. We find them not applicable.

The event which gave rise to the discovery of the articles in the Buick automobile was the commission of a misdemeanor by the driver of that car in the presence of the arresting officers. It was undenied that the Buick was being operated without lights during the hours of darkness.

The antifreeze, the automobile jack and the bank deposit slips were seen within the automobile by the arresting officers as they questioned the defendant and his companions who were seated in the car. Since those articles were within plain sight of the officers and were of possible evidentiary value, they were properly seized and were admissible into evidence against the defendant. Officers are not required to ignore items within their plain view. *State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969); *Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968).

In fact, all of the articles that were taken from the Buick and admitted into evidence were admissible as valid products of a lawful search. This is so because the arresting officers had reasonable cause to believe that defendant and his companions had committed, or were engaged in committing, a felony. They had been advised that Hal's Waterfront Service had been unlawfully entered and apparently burglarized. Bank deposit slips bearing the name of that station, together with other articles generally used or held for sale by a gasoline service station, were seen in the Buick automobile, and the presence of those items was not sufficiently explained. The officers had been told to watch for this particular automobile because its occupants were attempting to sell, at greatly reduced prices, merchandise which they had in the car. When Officer Zampardo inquired of the defendant and his companions about the antifreeze, he was given different answers concerning it. Those facts were sufficient to create a legal and reasonable basis for a search of the automobile by the police officers. *State v. Sullivan*, 65 Wn.2d 47, 395 P.2d 745 (1964); *State v. Brooks*, 57 Wn.2d 422, 357 P.2d 735 (1960).

It is then argued for another reason that the court should not have admitted into evidence the two cases of antifreeze, the automobile jack and an automobile battery as exhibits. Not one of those exhibits bore a numerical or other significant identifying mark which would distinguish it from any other similar product placed into the market by the same manufacturer. Defendant claims that those exhibits should not have been admitted into evidence unless identified with more particularity as articles taken from the station. We do not agree.

■ The state produced evidence that two cases of antifreeze of the same brand, a similar type automobile jack and an automobile battery of the same make and model as those offered as exhibits had been taken from the service station when it was burglarized. That testimony, when considered with the fact that the offered exhibits had been found with other articles clearly identified as having been stolen in the same burglary, was sufficient identification of

the exhibits to sustain the trial court's order admitting them into evidence.

Identity may be established by the testimony of the owner of the goods that the articles found in the possession of accused, where they have no earmarks to identify them, are of the same brand and character as the stolen goods, and that, from their brand, character, and appearance, he believes them to be the property stolen from him, especially where many different articles of various kinds, brands, and sizes were stolen, and articles similar in make, brand, character, and appearance to the stolen ones were found in the recent possession of accused.

52A C.J.S. *Larceny* § 132 (1968).

Finally, it is urged that a new trial is required because the lower court refused to give defendant's proposed instruction regarding the sufficiency of evidence by an accomplice to sustain a conviction. The requested instruction would not have been appropriate since no other defendant testified against Mr. Jackson.

The judgment and sentence is affirmed.

HUNTER, C. J., WEAVER and HAMILTON, JJ., and DONWORTH, J. Pro Tem., concur.