[No. 227-3.    Division Three.    May 13, 1971.]

A. L. REIL et al., *Respondents*, v. THE STATE OF WASHINGTON, *Appellant*.

*Slade Gorton, Attorney General, Edward T. Shaw* and *W. George Bassett, Assistants,* for appellant.

*Robert S. Day* (of *Peterson, Taylor & Day*), for respondents.

MUNSON, C.J.— The State of Washington appeals from a judgment for plaintiffs, A. L. and Ethel M. Reil, in their personal injury suit which emanates from the alleged negligence of the state in maintaining a stretch of highway in the Tri-City area.

The sole issue is whether the trial court erred in admitting evidence that the state patched several chuckholes along the highway in question 2 days after plaintiff Ethel M. Reil's injury.

█ Evidence of remedial or precautionary measures taken after the occurrence of an injury-causing accident is not admissible to prove prior negligence or culpable conduct; however, in certain situations such evidence may be introduced for the purpose of showing: (1) dominion or control over an injury-causing instrumentality, (2) the practicality of the use of a safeguard, *Cochran v. Harrison Mem. Hosp.*, 42 Wn.2d 264, 254 P.2d 752 (1953), and (3) the feasibility of a safeguard where feasibility is a factor in the plaintiff's case. *Brown v. Quick Mix Co.*, 75 Wn.2d 833, 454 P.2d 205 (1969); *Meabon v. State*, 1 Wn. App. 824, 463 P.2d 789 (1970). In accordance with the latter exception, the trial court admitted evidence of the repair; however, our examination of the record in the instant case reveals plaintiffs' counsel, through questions propounded and answers elicited regarding the subsequent repair,[1] went far

---

[1] For example, in plaintiffs' opening statement:

"Our contention is that it was feasible to repair *and it should have been kept in a state of repair to prevent the very thing from happening that did happen here.*" (Italics ours.)

And in examining one of the state's highway engineers: "Q Of course it was feasible to repair this, wasn't it? A Yes, it was. Q And you did repair it? . . . A On Sunday evening. That would be April 30. Q April 30. Two days after this accident you started repairing this? A Yes, sir. . . . Q *They [these conditions] certainly existed for some period of time before April 28, 1967, didn't they? A I would say they would have had to have existed for some time. Q Yes. But they were not repaired until after Mrs. Reil was injured? A That is true. Q And that is the reason you went out to fix the road, her injury, wasn't it? A No. . . . Q* So you immediately went out there on the scene and started to fix it, didn't you? A Not at this scene, sir. Q You never fixed this scene? A Could I explain a minute? Q I just

beyond the scope of the feasibility exception. He attempted to bring this evidence before the jury to show the state's primary negligence in allowing the condition to exist, thereby causing the accident. For this reason, we reverse.

■ The state contends the trial court's allowance of evidence as to the general condition of the entire 12-mile stretch of highway was improper. We disagree. Nothing in the record shows the condition of the particular area where the accident occurred was different than that which prevailed along the entire segment of highway. The evidence went to the issue of whether the state had notice of the condition which "allegedly" caused plaintiff's injury and, therefore, was admissible. See *Porter v. Chicago, M., St. P. & Pac. R.R.*, 41 Wn.2d 836, 252 P.2d 306 (1953).

■ The state also assigns error to misconduct of plaintiffs' counsel during closing argument wherein he stated a highway patrolman investigated the accident, did not issue plaintiff a citation and this constituted an admission by a speaking agent of the state that plaintiff was not contributorially negligent. There is nothing in the record to evidence an objection to plaintiffs' argument on this point, nor is the unreported argument a part of the record before us. Consequently, we cannot consider this assignment; however, we feel required to comment that should such a statement be made upon retrial and error assigned thereto, it would require more convincing authority than presented during this appeal to find it proper.

---

want you to answer my question. . . . A Yes, we fixed this scene. . . . Q *Finally, it behooved you to go out and fix this road, did it? A Yes, sir, it did. Q Because this accident and other accidents had been reported to you? Because of that you went out and fixed the road, finally? A Yes, sir. Q And you fixed the road because you felt that the road was responsible for the accidents, or very possibly so, right? A Yes, sir. Q You considered after these things had happened that this apparently was a major project that you should do, right? A Yes. Q You wouldn't ordinarily take a crew out on Sunday to do these things? A No, sir. Q And we can agree that if the road hadn't needed fixing you wouldn't have fixed it? A No."* (Italics ours.)

Judgment is reversed and the case is remanded for retrial.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied June 7, 1971.

Review denied by Supreme Court July 1, 1971.