[Crim. No. 18738. Second Dist., Div. One. May 13, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM ROBERT NAGEL, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Daniel L. Lieberman, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, James P. Mc-Garry and David A. Sanders, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**LILLIE, J.**—Defendant was charged with possession of marijuana (§ 11530, Health & Saf. Code). Also alleged was a prior felony (narcotic)

conviction. Defendant moved to suppress the evidence under section 1538.5, Penal Code. In granting the motion the judge said he did not question the officer, his motive or his judgment but was deciding the issue solely on a question of law. The People appeal from the order granting defendant's motion and dismissing the cause under section 1385, Penal Code.

Around 6:30 p.m. on Sunday, May 4, 1969, Officer Brown, while on patrol in a police vehicle, observed defendant in a 1950 Chevrolet bearing Florida license plates drive west on Sunset Boulevard, approach Vine Street and turn through the intersection without stopping for the red traffic signal; he activated his red lights and pulled defendant to a stop on Vine Street. The officer requested defendant to produce a driver's license; defendant could not do so and told the officer he did not have one, nor could he furnish any other valid identification. Thus Officer Brown placed defendant under arrest (§ 40302, Veh. Code) for running a red light. When defendant pulled over at the request of the officer, he parked his vehicle in a red zone on Vine. Although there had been passengers in the vehicle, they immediately left the scene leaving defendant alone; thus the officer proceeded to impound the vehicle. It was his intention to complete the inventory of the vehicle and then transport defendant to Hollywood station where he could be booked and admitted to bail. Accordingly, he proceeded to fill out the impound sheet; in the course of the inventory he opened the trunk of the car; the trunk and its contents however, were accessible from the passenger portion of the vehicle and could be reached without opening the trunk since there was no back seat. In the trunk was an unlocked suitcase containing a plastic bag of marijuana.

■ Appellant's claim of error for reversal of the order is two-fold, (1) defendant's vehicle was lawfully in possession of the officer, and (2) the routine police inventory of the vehicle as part of the procedure of removal and storage and resulting in discovery of the contraband was proper. In connection with the second claim, *Mozzetti* v. *Superior Court,* 4 Cal.3d 699 [94 Cal.Rptr. 412, 484 P.2d 84], decided by our Supreme Court April 30, 1971, appears to be factually applicable, but appellant seeks to avoid an adverse ruling by urging prospective application of *Mozzetti* under the criteria set out in *People* v. *Edwards,* 71 Cal.2d 1096, 1107 [80 Cal.Rptr. 633, 458 P.2d 713]. Our rejection of appellant's first contention renders unnecessary a consideration of the effect of *Mozzetti* v. *Superior Court,* in which at the outset the court assumed the police custody of petitioner's vehicle to be proper.

Appellant seeks to justify the custody and control of defendant's vehicle

by police under the provisions of section 22651, Vehicle Code.[1] After taking defendant into custody under section 40302, Vehicle Code, Officer Brown proceeded to "impound"[2] the vehicle because he intended to take defendant to the station which would leave the car unattended on the street in an illegal parking zone. Officer Brown testified that usually under such circumstances, he obtains permission of the arrestee to move the vehicle to a legal location where it can be parked and locked, but in this case "there wasn't anyplace [sic] to park his vehicle because Vine Street—approximately half way down from Sunset towards De Longpre on the west side—is a red zone; and just below that the other half, . . . there was [sic] not parking spots available."

Defendant had committed a simple traffic violation (going through a red light) and could present no driver's license or other valid identification; there was not the slightest suspicion that he had committed any other offense. Thus originally he was arrested under section 40302, Vehicle Code, which provides that one arrested thereunder is to be taken before a magistrate who shall either fix bail or release him on his own recognizance (§ 40305, Veh. Code). Section 40307 provides that if the magistrate is' unavailable the officer shall take the arrestee before the clerk of the magistrate who shall admit him to bail or the officer in charge of the county or city jail or other place of detention who shall admit him to bail or release him on his own recognizance. (See *People* v. *Dukes,* 1 Cal.App.3d 913, 916 [82 Cal.Rptr. 218].) Officer Brown testified that he intended to take defendant to Hollywood station where an officer was available to accept bail. Regardless of where he intended to take defendant, the important factor is that under the foregoing sections defendant would have been away from his car at most only several hours. Thus, at whatever place defendant's vehicle was ultimately left it would not be unattended for any uncertain or indefinite period of time as in the case of one arrested for an ordinary jailable offense.

In *Virgil* v. *Superior Court,* 268 Cal.App.2d 127 [73 Cal.Rptr. 793],

---

[1]Section 22651, subdivision (h), Vehicle Code, provides: "Any member of the California Highway Patrol or . . . any regularly employed and salaried officer of a police department in a city in which a vehicle is located, . . . may remove a vehicle from a highway under the following circumstances:

". . . . . . . . . . . . . . .

"(h) When an officer arrests any person driving or in control of a vehicle for an alleged offense and the officer is by this code or other law required or permitted to take and does take the person arrested before a magistrate without unnecessary delay."

[2]It is obvious that by the use of this term the officer referred not "to the process of impounding a vehicle as evidence pending forfeiture, as in *Cooper* v. *California* (1967) *supra,* 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788]," but custody of a vehicle for removal and storage. (See *Mozzetti* v. *Superior Court,* fn. 7.)

Virgil was issued a citation for reckless driving; after the other occupants of his vehicle were directed to get out of the car the officer examined the interior finding contraband. The officer referred to the examination as part of the inventory preparatory to storing the vehicle to insure its safekeeping. The court said at pages 130-131: "The officer misunderstood the nature and extent of his authority. Although there are cases, to be discussed below, which authorize under proper circumstances the taking of an automobile into custody, after its removal from the highway, and also the taking of an inventory of its contents,[3] the facts above do not describe such a situation.

". . . The other group of cases (see e.g. *Preston* v. *United States* (1964) 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881]; *Cooper* v. *California* (1967) 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788]; *People* v. *Harris* (1967) 67 Cal.2d 866, 871 [64 Cal.Rptr. 313, 434 P.2d 609]; *People* v. *Webb* (1967) 66 Cal.2d 107, 114 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Burke* (1964) 61 Cal.2d 575, 580-581 [39 Cal. Rptr. 531, 394 P.2d 67]) recognize that custodial possession of an automobile is not an inevitable concomitant of an arrest of the driver." The court concluded, "We will not challenge the bona fides of the decision of Officer Ewing to arrest petitioner Virgil for reckless driving and to take him before a magistrate. We do not even challenge the officers' right to cause the Chevrolet to be removed from the highway (assuming the car then to have been on a highway). We do challenge and we negate the necessity or the legality of taking the Virgil car into custody. Just as in *Preston, supra,* the arrest of the defendant (for vagrancy) had no connection with the necessity to take the accused's car into custody so there was no necessity here. Virgil had been arrested for a traffic violation; nothing more. Such an arrest alone could 'not have justified a search of the car for such search could have had no relation to the traffic violation. (See *People* v. *Blodgett,* 46 Cal. 2d 114, 116-117 [293 P.2d 57].)' (*People* v. *Moray* (1963) 222 Cal.App. 2d 743, 746 [35 Cal.Rptr. 432]; see also *People* v. *Molarius* (1956) 146 Cal.App.2d 129, 130-131 [303 P.2d 350].) The traffic violation did not involve any forfeiture of the automobile nor was there anything else that had happened which would reasonably justify a search. There was no furtive conduct. Virgil's voiced opposition to the searching of his car was natural. It gave no cause for suspicion. (See *People* v. *Gil, supra,* 248 Cal. App.2d at p. 193.) The burden was upon the prosecution to justify the

---

[3]*People* v. *Gil,* 248 Cal.App.2d 189 [56 Cal.Rptr. 88]; *People* v. *Garcia,* 214 Cal. App.2d 681 [34 Cal.Rptr. 603]; *People* v. *Odegard,* 203 Cal.App.2d 427 [21 Cal. Rptr. 515]; *People* v. *Myles,* 189 Cal.App.2d 42 [10 Cal.Rptr. 733]; *People* v. *Nebbitt,* 183 Cal.App.2d 452 [7 Cal.Rptr. 8]; and *People* v. *Ortiz,* 147 Cal.App.2d 248 [305 P.2d 145], all of which have since been disapproved by the Supreme Court in *Mozzetti* v. *Superior Court.*

search. (*Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) It was therefore its burden to explain that an impounding of the car was necessary. Virgil was not alone. No reason appears why his friends could not have taken charge of the vehicle. The officers did not consult Virgil's wishes or the willingness of his companions to drive the car to a place of safekeeping (the only legitimate purpose under the facts known at the time for which custody could have been taken). In view of the protests of Virgil and the presence of the contraband in the car which the search revealed (which does not justify the search), the conclusion is inescapable that had Virgil been given the opportunity to make the decision—which was his to make—police custodial care of the car would not have been required. Absent such custody, no inventory taking was necessary or proper. The search violated petitioners' Fourth and Fourteenth Amendment rights." (Pp. 132-133.)

The burden was on the prosecution to explain the necessity for taking defendant's vehicle into police custody. (*Virgil* v. *Superior Court,* 268 Cal. App.2d 127, 132 [73 Cal.Rptr. 793].) Neither the arrest of defendant under section 40302 for a minor traffic infraction nor the circumstances surrounding his arrest had any connection with the necessity for police custodial care of his car. There had been passengers, obvious hitchhikers, in the vehicle but they had walked away leaving defendant alone. However unlike the situation in which the driver, the sole occupant, was drunk or injured, defendant was capable of moving his automobile; he was sober and unhurt and able to drive. He had been driving when stopped by police, and while he could present no driver's license (see § 12500, Veh. Code), under the direction and in the company of one of the officers defendant could have driven his vehicle to a legal parking space, parking lot or to Hollywood station. No reason appears why he could not have taken charge of his own vehicle and driven it under the direction of an officer to a nearby place of safekeeping which, after all, was the only legitimate purpose under the facts known at the time for which custody of the vehicle could have been taken. A reasonable alternative would have been for one of the officers to move it to a place of safety. Of course it would be unreasonable to require an officer to spend unusual time or effort to find a legal parking place, but on a Sunday it would appear under the circumstances here that with but normal effort one could have been found on an adjacent street where the car could have been legally parked, locked and left unattended. This is not a case in which the police had to either tow it from the scene and store it or leave it unattended in an illegal parking zone.

Defendant in cooperative response to the red light of the police vehicle promptly and properly pulled his car over to the curb and stopped it in the first available space which happened to be a red zone, and the officers per-

mitted him to park there for the purpose of giving him a citation. The police then had no way of knowing defendant could produce no driver's license or identification nor did defendant know that under the circumstances for his minor infraction he would be taken into custody to Hollywood station. It is unfair that one should be penalized for his cooperation in immediately stopping, even in a red zone, over a less responsive driver who continues to drive on irrespective of red light and siren until he is eventually forced to a halt by a police car at a place that happens to be a legal parking zone.

As applied to the circumstances of this case we conclude that police custodial care of defendant's vehicle was neither necessary nor proper, thus there was no legal justification for taking what appellant asserts to be an inventory of its contents. On the state of the record, therefore, the foregoing conclusion gives the officer's examination of the interior of defendant's vehicle the stature of a search, the justification for which was the burden of the prosecution (*Badillo* v. *Superior Court,* 46 Cal.2d 269, 272 [294 P.2d 23]) which it failed to meet. Defendant's traffic violation involved no forfeiture of his vehicle, and nothing else occurred that would reasonably justify a search. Nothing in the record indicates any furtive conduct on the part of the defendant or that he was attempting to hide anything or avoid police; there is not the slightest suspicion that he had committed any offense other than the traffic violation and no suggestion that defendant ever had any connection with narcotics. Absent is any proof that the officers had ever before seen or heard of defendant or his car or that the vehicle was listed as stolen; there was no cause for any officer to believe that a felony had been committed. Although the defendant had been arrested under section 40302, Vehicle Code, for going through a red light, such arrest alone could "not have justified a search of the car for such search could have had no relation to the traffic violation. (See *People* v. *Blodgett,* 46 Cal.2d 114, 116-117 [293 P.2d 57].)" (*People* v. *Moray,* 222 Cal.App.2d 743, 746 [35 Cal.Rptr. 432]; *People* v. *James,* 1 Cal.App. 3d 645, 648 [81 Cal.Rptr. 845]; *Virgil* v. *Superior Court,* 268 Cal.App.2d 127, 132 [73 Cal.Rptr. 793]; *People* v. *Van Sanden,* 267 Cal.App.2d 662, 664 [73 Cal.Rptr. 359].) An unreasonable search of a car is not permitted simply because the officers have a statutory authority to arrest and take an accused before a magistrate and the right to cause the car to be removed from the highway.

The order is affirmed.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied June 4, 1971, and appellant's petition for a hearing by the Supreme Court was denied July 7, 1971.