[No. 149-3.   Division Three.   June 9, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LEROY J. SHERBURN, *Appellant*.

*Ronald K. Mullin* (of *Mullin, Gigler & Etter*), for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *James B. Crum, Deputy,* for respondent.

EVANS, J.—Defendant appeals from a conviction of rape. The primary issue on appeal relates to the relevancy of questions asked defendant by the deputy prosecutor on cross-examination.[1]

There is evidence from which the jury could find that at about 1:15 a.m. September 10, 1969 the complaining witness, a married woman, driving home alone, was followed by the defendant into the driveway of her home. When she alighted from her car the defendant stepped from his car, brandished a large knife and knocked her to the ground. Being fearful that defendant would force her into his car

---

[1]Neither the deputy prosecuting attorney nor defense counsel on appeal participated in the trial.

and drive to a secluded spot, she invited him into her home, where defendant, still with the knife in his possession, forced her to engage in sexual intercourse.

Defendant admitted that he had sexual intercourse with the complaining witness but denied it was accomplished by the use of force or threats, but rather, was invited and consented to by the complaining witness. It was his testimony that he and the complaining witness stopped their cars on a highway in adjoining lanes to wait for a traffic light to change. While waiting, the complaining witness looked at him and smiled. He construed this to be an invitation to follow her, and when he later stepped from his car in the driveway she again smiled. The credibility of this testimony was somewhat diminished, however, when he admitted he displayed the large knife when he stepped from the car. It was his testimony that after being in the house a short while, and before any act of intercourse occurred, he returned to his car and put the knife under the front seat.

On direct examination defendant was asked by his counsel to tell the jury of his activities of the evening preceding the alleged rape. He testified that he had attended a movie, which he volunteered was the controversial film "I Am Curious Yellow", following which he drove around town and visited several taverns.

On cross-examination the prosecutor questioned defendant at some length with reference to specific scenes in the movie involving sexual intercourse. No objection was made to this questioning until defendant was asked the following question:

Q. . . . and when they are there at the apartment, they are in that apartment, and her father is there, and they are sitting around and grinning at each other, weren't they?

Defense counsel objected to the question as being irrelevant. The objection was overruled and the defendant answered:

A. Sir, I believe I know the scene you are referring to.

They were drinking wine. I don't know—they had some kind of a bottle going. Q. The very next scene they moved into her little room, and there was an act of intercourse? A. Well, I don't remember. I don't recall the sequence of the scene, or what.

Defendant first assigns error to the overruling of defendant's objection to the above question, contending it is irrelevant and highly prejudicial. It is the state's contention the purpose of the question was to show that defendant's testimony the complaining witness invited him with a smile was not true, but rather found its source in scenes from the movie.

■ When error is assigned to the trial court's admission of evidence on the basis that evidence is irrelevant, the appellate court reviews for an abuse of discretion.

A trial court has discretion concerning the admissibility of evidence insofar as its relevance is concerned. The standard for relevancy is whether the evidence gives rise to reasonable inferences regarding contested matter or throws any light upon it. *State v. Schock,* 41 Wn.2d 572, 250 P.2d 516 (1952). Relevancy means a logical relation between evidence and the fact to be established. *Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959).

*State v. Whalon,* 1 Wn. App. 785, 791, 464 P.2d 730 (1970).

The trial court found there was a logical relation between the evidence the prosecutor sought to elicit on cross-examination and defendant's testimony that the complaining witness in effect invited his advances with a meaningful smile. The prosecutor did not pursue the matter after defendant answered that he did not remember the scene, and no motion was made to strike the question or answer. We find no abuse of discretion by the trial court in overruling defendant's objection to the question.

■ Defendant's remaining assignments of error directed to the prosecutor's cross-examination of defendant relate to questions to which no objections were made. We do not find the questions so prejudicial as to deny defendant a fair trial, and since no objections were made during

106

trial, they will not be considered on appeal. *State v. Cogs-well*, 54 Wn.2d 240, 339 P.2d 465 (1959).

█ Defendant also assigns error to remarks he contends were made by the prosecuting attorney in final argument. The arguments were not recorded, and since the remarks to which objection is made do not appear in the record as certified by the trial court they cannot be considered on appeal.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied July 13, 1971.

Review denied by Supreme Court August 26, 1971.

