[No. 1632-1.   Division One—Panel 2.   December 4, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN ROY DAY, *Appellant.*

*Douglas E. Gilson,* for appellant (appointed counsel for appeal).

*Jane A. Mason, Prosecuting Attorney,* and *David S. McEachran, Deputy,* for respondent.

SWANSON, J.—Steven Roy Day was found guilty by a Whatcom County jury of the crime of unlawful possession of a firearm, a felony. He appeals.

Defendant Day assigns error to the trial court's order denying his motion to suppress evidence seized at the time

of his arrest. The motion to suppress was not made until the morning of the trial, and the only evidence presented to the trial court in support of defendant's motion was his own testimony which is summarized as follows:

Defendant Day stated that he was arrested on or about July 15, 1971, in Whatcom Falls Park where he and a female companion had gone at about 2:30 on the morning of the 15th to spend the night. He testified that he gained access to the park without breaking any gates and that he did not see any No Trespassing signs. He said that at about 6 o'clock in the morning he was awakened and placed under arrest. He was subsequently charged in municipal court with trespassing, but that charge was dismissed. He testified as follows:

The case was dismissed because there was no, you had to have, in order for a trespassing to be violated, there had to be a chain across the road or a sign posted saying No Trespassing, and there was neither one.

The state then called Bellingham Police Officer Burch who testified that he was on a routine patrol at Whatcom Falls Park on the morning of July 15th because the police department had received complaints from the water department about vandalism in the area of the filtration plant within the park. In the course of making this patrol, he saw two vehicles parked just below the filtration plant, and when he inspected the area he saw three males and one female lying on the ground in sleeping bags. He also noticed that the female and defendant Day were in the same sleeping bag. He testified that he recognized the defendant Day, and stated as follows:

Q Did you know anything about this individual? A Yes. I knew that he was a convicted felon, burglar. Q And you knew that the charge was burglary, is that correct? A Yes. Q What else did you see, Mr. Burch, in the area besides this individual? A Underneath Mr. Day's, approximately his right shoulder was the butt and holster of a pistol sticking out.

Officer Burch went on to testify that he radioed for assist-

ance and awaited the arrival of another officer. Upon reaching the scene, the other officer removed the weapon from underneath Day's shoulder, and then the two officers awakened defendant Day. On cross-examination, Officer Burch stated that Day was arrested at approximately 5:40 a.m. and charged with trespassing and contributing to the delinquency of a minor. The police officer's testimony was not contradicted, and the defendant offered no rebuttal evidence. On this showing, the trial court refused to grant the motion to suppress, and the pistol was later admitted into evidence.

On this appeal, defendant Day first points out that he was arrested without a warrant on the ground that a misdemeanor was committed in the officer's presence. From this, defendant contends, that because the only charge which was litigated in justice court—trespassing—was dismissed, there could have been no reasonable basis for the officer to believe that a misdemeanor had been committed in his presence. Consequently, defendant argues, the arrest was unlawful and, therefore, the pistol seized at the approximate time of the arrest should have been suppressed as illegally obtained evidence.

Thus, defendant Day's basic contention is that there is insufficient evidence in the record to prove that the Bellingham police observed conduct that would lead them reasonably to believe in good faith that the misdemeanor of trespassing was being committed in their presence such that they could lawfully arrest the defendant for that offense without a warrant. *See State v. Twitchell*, 61 Wn.2d 403, 378 P.2d 444 (1963); *State v. Melrose*, 2 Wn. App. 824, 470 P.2d 552 (1970). Similarly, he points out that the misdemeanor charge of contributing to the delinquency of a minor was dropped, and although the state asserts that the police were justified in believing that such offense was also being committed in their presence, our own review of the record indicates that it is inconclusive on that issue. The state also urges that defendant's arrest was legal because the police had probable cause to believe that the felony of

unlawful possession of a firearm had been committed or was being committed in their presence. *See State v. Isham,* 1 Wn. App. 415, 461 P.2d 569 (1969). Defendant responds to this argument by pointing out that he was not arrested for the felony offense, but rather he was arrested for the misdemeanor offenses referred to previously; consequently, he argues, if the misdemeanor arrest was unlawful because it was made at a time when the police had no reason to believe a misdemeanor was being committed in their presence, the felony charge arising therefrom must also be invalid. *See State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969).

It is not clear from the record whether or not the defendant was arrested for the felony charge at the time the pistol was seized by the police. The testimony presented at the hearing on defendant's motion to suppress, including the record then before the trial court, did not indicate the specific grounds for the arrest, but only that Day first was charged with two misdemeanors, followed some 2 months later by the felony charge of unlawful possession of a firearm. Further, there is a strong inference that may be drawn from the record to support defendant's contention that he was arrested initially only for the misdemeanor offenses. In this connection, Officer Burch testified as follows on cross-examination:

Q When did you arrest Mr. Day? A The time, I believe, was approximately 5:40 a.m. Q And charged him with what? A On my Complaint I charged him with trespassing and contributing to the delinquency of a minor. Q And subsequently charge was presented in court on the trespass only? A Yes, sir. Q And that was dismissed? A Yes, sir.

At the same time, the trial court could have accepted the uncontradicted testimony of the police officer that he recognized the defendant Day as a felon who previously had been convicted of burglary, and that he observed a pistol under Day's arm or shoulder. This evidence, if believed, is sufficient to have given the officer probable cause to believe

that the felony of unlawful possession of a firearm had been committed, or was being committed in his presence, and thus could support a warrantless arrest. Day argues that the trial court should not have believed the police officer when he said he recognized Day as a convicted felon, inasmuch as no charge relating to that testimony was lodged against Day until more than 2 months after the incident. The most that can be said of this argument is that although it may cast some doubt upon the credibility of the police officer, it is insufficient to provide a basis for us to say that the state did not bear its burden of showing that the officer had probable cause to believe that a felony had been or was being committed.

In any event, even if we accept defendant's contention that he was not arrested for the felony charge and, indeed, that his arrest on any basis was unlawful, we must uphold the trial court's order denying the defendant's motion to suppress if it is based upon any ground supported by the facts and the law. *Vacca v. Steer, Inc.,* 73 Wn.2d 892, 441 P.2d 523 (1968); *Dobias v. Western Farmers Ass'n,* 6 Wn. App. 194, 491 P.2d 1346 (1971).

We believe that the trial court must be sustained under the general rule that where a police officer is lawfully within an area, he may seize an object that is within his plain view if he has reasonable cause to believe it is contraband. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968); *State v. Cagle,* 5 Wn. App. 644, 490 P.2d 123 (1971); *State v. Wolfe,* 5 Wn. App. 153, 486 P.2d 1143 (1971); *State v. McIntyre,* 3 Wn. App. 799, 478 P.2d 265 (1970). *See also State v. Roff,* 70 Wn.2d 606, 424 P.2d 643 (1967). We recognize that under the "plain view" doctrine, the discovery of the evidence in plain view must be inadvertent and that plain view alone is never sufficient to justify the warrantless seizure of evidence. Absent "exigent circumstances," police may not seize evidence without a warrant even if

they have probable cause to believe that such evidence is contraband. *Coolidge v. New Hampshire, supra.*

Under the facts of this case, which are supported by substantial evidence, it is apparent that the seizure of the gun by the Bellingham police met the requirements of the law. It is undisputed that the police were lawfully within Whatcom Falls Park in the early hours of the morning in question; they were engaged in a routine patrol in an area near the city's water department filtration plant where vandalism had been reported. It is also undisputed that the police observed the pistol in plain view under the defendant Day's arm or shoulder. Further, the trial court properly could believe the testimony of Officer Burch that he recognized Day as a convicted felon, and therefore it properly may be concluded that the police officer had probable cause to believe that the pistol constituted contraband unlawfully in the defendant's possession.

Unlike the situation in *Coolidge,* in the case at bar there were exigent circumstances making it impracticable to obtain a warrant to seize the pistol. Unlike *Coolidge,* this case is one involving contraband which was also a dangerous object in the possession of a known felon who could have awakened at any moment. *See Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969). This was not a situation where the police knew the location of the evidence in advance and intended to seize it, and therefore could have easily procured a warrant for that purpose, but rather it was one in which the evidence was inadvertently discovered under circumstances in which it was not unreasonable for the police to proceed without a warrant. The seizure of the pistol in this case did no damage to the two constitutional protections, identified in *Coolidge,* which are served by the warrant requirement, namely, protection against unnecessary search and seizure without probable cause, and protection against general, "exploratory" search and seizure. *See State v. Howard,* 7 Wn. App. 668, 502 P.2d 1043 (1972). For the reasons indicated, we hold that

the trial court correctly denied defendant's motion to suppress the pistol as illegally seized evidence.

Defendant's remaining assignments of error are directed to the court's denial of his motion for directed verdict or dismissal after he rested his case, and to denial of defendant's motion for new trial or arrest of judgment. A careful review of the record discloses ample evidence to support both the submission of the case to the jury and the verdict of the jury. These motions were properly denied.

Judgment affirmed.[1]

FARRIS, A.C.J., and JAMES, J., concur.

---

[1]We must point out to both counsel that their briefs are in violation of CAROA 42(g)(1)(ii), (g)(2)(ii) which requires that briefs contain a clear and concise statement of the facts appropriate to an understanding of the nature of the controversy *with page references to the record.* Both briefs failed to contain such references. This court has the power to impose penalties for violations of its rules not relating to jurisdiction. CAROA 7. *See also* CAROA 47(e)(2). In addition, we note the briefs refer to matters not included in the record, which cannot be considered on appeal. *See State v. Sherburn,* 5 Wn. App. 103, 485 P.2d 624 (1971); *Reil v. State,* 4 Wn. App. 976, 484 P.2d 1150 (1971).

In the interests of justice and to avoid delay in the disposition of this appeal, we have considered this case on its merits based upon the record despite the inadequacies in the briefs of counsel.