[No. 42974.    En Banc.    June 27, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW D. GLASPER, JR., *et al.*, *Petitioners*.

*Bovy, Graham, Cohen & Wampold*, by *Thomas S. Wampold*, and *Shafer, Mitchell & Cowan*, by *Douglas L. Cowan, Jr.*, for petitioners (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Paul J. Bernstein, Assistant*, for respondent.

HUNTER, J.—The defendants (petitioners), Andrew D. Glasper, Jr., and Julius Eugene January, were convicted by a jury on charges of grand larceny by possession. Following a decision by the Court of Appeals affirming the judgment and sentence of the trial court, we granted the defendants' petition for review which raises questions regarding the justification for stopping and investigating a motor vehicle and the propriety of impounding a motor vehicle in this case.

The facts, as adapted from the decision by the Court of Appeals, are as follows. At approximately 12:30 p.m. on October 15, 1971, the Seattle police department received a citizens' report of four Black males "going up and down in the neighborhood" in the Rainier Valley area of southeast Seattle, together with the report of the license number of the car in which they were traveling. At about 1:30 p.m. a car with the reported license number was observed by the police a few blocks from where the "suspicious" car had been reported earlier. The license number was checked, and the registered owner, the defendant January, was found to have an outstanding traffic warrant. As the car pulled to the curb in front of a residence, the officers in the patrol car pulled in behind. The officers then approached the car on foot. They noticed, as they passed, a console television set face down in the partially open trunk of the car. The set was not padded nor was the trunk lid secured. There were four men in the car; the defendant January was in the driver's seat, the defendant Glasper was on the passenger side in front, and two additional passengers were in the rear.

After the questioning of the occupants of the car by the police concerning the ownership of the television set in the trunk, the defendant Glasper claimed that he was the owner of the television set. After questioning, however, the defendant Glasper was unable to correctly identify the brand of the set. Under these circumstances, the police officers radioed headquarters to check the NCIC (National Crime

Information Center) stolen items checklist to see if the television set serial numbers were listed. It was reported back to them that the set was not so listed. At that point the officers then inquired of the occupants of the car and ran a police records check of all the individuals therein, but found that all of them had a clear record.

The defendant January was then arrested at the scene on the traffic warrant, although the officers decided not to arrest anyone for larceny or burglary. The officers made no search of the vehicle, but rather released the other three men, took the defendant January into custody, and arranged for the impoundment of the vehicle with the television set left inside the trunk. The vehicle and its contents were later taken to a nearby towing company and a few hours later it was discovered that the television set had in fact been stolen during the morning hours of October 15. The television set was subsequently removed from the towing facility and placed in the police property room as evidence. The defendants were charged with the crime of grand larceny by possession and thereafter found guilty at a trial by jury. The defendants appealed.

The Court of Appeals, Division One, in *State v. Glasper*, 9 Wn. App. 1011 (1973), affirmed the judgment and sentence by the trial court. The defendants thereafter filed a petition for review with this court, which we granted.

The defendants' first contention in their petition for review is that the Court of Appeals erred in failing to hold under *State v. Michaels*, 60 Wn.2d 638, 374 P.2d 989 (1962), that the initial stop of the vehicle by the officers was a "pretext arrest" to legitimate an otherwise unconstitutional stop and search. We find this contention to be without merit. In the instant case the police had information that the driver of the suspect vehicle was in fact in violation of a traffic citation, and under such circumstances the officers had reasonable justification for stopping the vehicle and making inquiries of its occupants. *State v. Gluck*, 83 Wn.2d 424, 518 P.2d 703 (1974).

■ Furthermore, we agree with the Court of Appeals that *State v. Michaels, supra,* is not controlling on these facts to condemn the search incident to the pretext arrest since in the present case the officers conducted no search of the defendant's vehicle incident to his arrest. Under the rule in this jurisdiction, the mere observation of that which is in plain view does not constitute a search, *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968); *State v. Roff,* 70 Wn.2d 606, 424 P.2d 643 (1967); 68 Am. Jur. 2d *Searches and Seizures* § 23 (1973). Moreover, the officers in this case were in a lawful position to observe what was in their plain view after stopping the defendant's vehicle to investigate the outstanding traffic warrant.

The defendants' second argument before this court is that the television set should be suppressed as evidence since the police officers were not justified in impounding the vehicle with the television set in the trunk under the circumstances of this case. We disagree.

■ A police officer is not required to ignore items of possible evidentiary value which are in plain sight. *State v. Helms,* 77 Wn.2d 89, 459 P.2d 392 (1969); *State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969); *Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968). Under certain circumstances, where a police officer is lawfully within an area he may seize without a warrant an object that is within his plain view if he has reasonable cause to believe that it is contraband. *State v. Day,* 7 Wn. App. 965, 503 P.2d 1098 (1972). This basic rule was articulated by the Supreme Court of the United States in *Coolidge v. New Hampshire,* 403 U.S. 443, 468, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971), where the court stated the following:

> [P]lain view *alone* is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances." Incontrovertible testimony of the senses that an incriminating object is on premises belonging to a criminal suspect may establish

the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure. *Taylor* v. *United States,* 286 U. S. 1; *Johnson* v. *United States,* 333 U. S. 10; *McDonald* v. *United States,* 335 U. S. 451; *Jones* v. *United States,* 357 U. S. 493, 497-498; *Chapman* v. *United States,* 365 U. S. 610; *Trupiano* v. *United States,* 334 U. S. 699.

(Footnote omitted.)

█ In the instant case we feel that under the total circumstances the incriminating nature of the evidence was sufficiently discernible to the police officers, and that the officers had reasonable cause to believe that the unpadded and unsecured television set was stolen property. The Court of Appeals stated as follows:

The television set was of possible evidentiary value: it was in the trunk of a car, the license number of which had been reported an hour earlier to police; the car had been driven in a manner unusual enough to impel someone in the neighborhood to report its activities to the police; the set was face down in the trunk, unpadded and unsecured; the claimed owner was unable to identify the brand of the set; and there were others present who could have disappeared with the set had it been left there by police.

Under these facts where the vehicle would have otherwise been moved with the vital evidence in the trunk, we believe the officers would have been justified in seizing the television set since the discovery of the incriminating evidence was inadvertent and the exigent circumstances of a "fleeting" vehicle existed which prevented the officers from procuring a warrant. *Coolidge* v. *New Hampshire, supra.* The United States Supreme Court, in *Carroll* v. *United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1924), addressed the dilemma of obtaining a warrant where law enforcement officers have probable cause to believe that an automobile contains contraband goods. In that case the court held that the warrantless search of an automobile and seizure therein of contraband liquor was lawful

under certain "exigent circumstances," reasoning that there is

> a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, *where it is not practicable to secure a warrant* because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.

(Italics ours.) *Carroll v. United States, supra* at 153.

In the present case, however, rather than seize the television set in plain view in the trunk of the car, the police officers took the more cautious route of impounding the vehicle and waiting to confirm that the television set had in fact been stolen. Under the exigent circumstances of the case where the officers had probable cause to believe that the television set was stolen property, and that the car was being used in the commission of a felony, we hold that the impoundment of the vehicle was justified.

We, therefore, affirm the judgment by the trial court and the decision by the Court of Appeals as clarified by this opinion. It is so ordered.

HALE, C.J., and ROSELLINI, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.

FINLEY, J. (dissenting)—I am unable to agree with the reasoning or the result reached by the majority.

The majority, it seems to me, "bootstraps" a result by indulging in what could be characterized as retrospective jurisprudence. Rather than examining the pertinent events of the instant case in their proper order of occurrence, the majority's analysis takes as its point of departure an assumed fact, *i.e.*, that the television was a stolen one and then works backward from this assumption and concludes that the seizure and impoundment of the vehicle was proper.

The proper order of pertinent events is:

1. A citizen reported a "suspicious" vehicle containing four Black males.
2. The police spotted the reported car.
3. By license check, the police established that the owner, January, had an outstanding traffic warrant.
4. The vehicle was pulled over and the officers noticed the television set in the trunk.
5. Glasper, purportedly the owner of the TV set, was unable to identify it by brand name.
6. The officers checked with the NCIC to ascertain whether the set had been reported stolen and received a negative reply.
7. A police records check was made on all the occupants of the vehicle, and this too was negative.
8. The police arrested January and impounded the vehicle.

All facts subsequent to the impoundment are irrelevant to the threshold question of whether there was reasonable cause to impound.

The majority ignores and implicitly overrules the recent and well-reasoned decision of the Court of Appeals in *State v. Singleton,* 9 Wn. App. 327, 511 P.2d 1396 (1973). The facts in *Singleton* closely parallel those in the instant case. There the police arrested the defendant on an outstanding traffic warrant and contemporaneously decided to impound the vehicle. While conducting an inventory search, the police received a tip that the driver's key case contained a controlled substance. It did, and Singleton was convicted of its unlawful possession. In properly analyzing the events leading to the discovery of the controlled substance, the Court of Appeals unanimously held that, at the point in time when the decision was made to impound, the officers had no idea that the vehicle contained contraband. Speaking for the court Judge Horowitz stated:

> Reasonable cause for impoundment may, for example, include the necessity for removing (1) an unattended-to car illegally parked or otherwise illegally obstructing traffic; (2) an unattended-to car from the scene of an accident when the driver is physically or mentally incapable of deciding upon steps to be taken to deal with his

property, as in the case of the intoxicated, mentally incapacitated or seriously injured driver; (3) a car that has been stolen or used in the commission of a crime when its retention as evidence is necessary; (4) an abandoned car; (5) a car so mechanically defective as to be a menace to others using the public highway; (6) a car impoundable pursuant to ordinance or statute which provides therefor as in the case of forfeiture. The mere commission of one or more of the 27 bailable traffic offenses listed in JTR T2.03(m) does not necessarily provide reasonable cause for impoundment. *See People v. Nagel,* 17 Cal. App. 3d 492, 95 Cal. Rptr. 129 (1971); *Virgil v. Superior Court,* 268 Cal. App. 2d 127, 73 Cal. Rptr. 793 (1968). Mere overtime parking, unless there is reason to believe the car has been abandoned, ordinarily does not justify impoundment. *Compare Boss v. Spokane,* 63 Wn.2d 305, 387 P.2d 67 (1963). There is even case support for the view that if the driver cannot present his driver's license when arrested on a traffic violation, impoundment on that account is not required. *People v. Nagel, supra; United States v. Pannell,* 256 A.2d 925 (D.C. App. 1969).

In the instant case, at the time the police officers arrested the defendant the car was parked at the curb in the 1900 block of East Madison Street. At that point the officers had no reason to believe that the car contained any contraband and they conducted no search therefor; nor did they conduct a search incident to arrest either for evidence or weapons, there being no basis for such a search on the charge for which defendant was arrested.

*State v. Singleton, supra* at 332-33. Thus, in conclusion, the Division One panel reasoned that no reasonable cause existed for impoundment.

Applying this rationale to the instant case, we have (1) the police stopping a "suspicious" vehicle; (2) the arrest of the driver on a traffic warrant; (3) a criminal records check showing all occupants of the vehicle to be "clean"; (4) an NCIC check on the television which turns up negative. Thus at the point in time when the police decided to impound the vehicle, there was absolutely nothing to indicate to them that either a crime had been committed or that the

vehicle occupants were criminals. There is simply nothing inherently suspicious about four Black males driving through Seattle. Further, when coupled with no additional inculpatory circumstances, the fact that one does not know the brand or trade name of a television set in the trunk of his automobile does not give rise to a reasonable cause to impound the vehicle. The circumstances in this case do not add up to the requisite quantum of certainty which equates to a reasonable cause to impound.

Furthermore, it seems to me the majority does not appreciate the breadth of their holding. Their rationale apparently would authorize the impoundment of *any* vehicle stopped for a traffic violation until such time that it is learned that the visible contents are not contraband. This would overrule the sound principles set forth in the *Singleton* decision. I would not do so. For the reasons stated, I dissent.

UTTER, J., concurs with FINLEY, J.