[No. 3638-1.    Division One.    March 29, 1976.]

THE STATE OF WASHINGTON, *Appellant,* v. JEFFREY E. GREENWAY, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Joanne Maida, Deputy,* for appellant.

*Philip G. Hubbard* of *Seattle-King County Public Defender,* for respondent.

PER CURIAM.—The State of Washington appeals pursuant to CAROA 14(8)(5) from an order dismissing an informa-

tion which charged Jeffrey E. Greenway with grand larceny.[1]

The sole issue on appeal is whether the trial court erred in ordering evidence suppressed because the State failed to establish reasonable grounds for the impoundment of Greenway's automobile prior to an inventory search.[2]

At a suppression hearing a Seattle police officer testified that on October 30, 1974, at approximately 4:30 p.m., he stopped Greenway for making an unauthorized turn. Greenway produced an invalid driver's license and the officer issued traffic citations for an unlawful turn and no valid driver's license on his person. Subsequently, a routine warrants check revealed that there was an outstanding felony warrant with bail set at $250 and a traffic warrant for Greenway's arrest. The felony warrant concerned a charge of possession of marijuana and was issued in Wenatchee, Washington. The officer then arrested Greenway and called for an impoundment of his automobile. When asked why he called for the impoundment, the officer stated:

> For several reasons, the foremost being that Mr. Greenway was arrested on a felony charge. It was a possibility that he would be incarcerated for a considerable length of time. There was also restricted parking in that area. . . . [T]here was also a sewer project going on at that time, that vehicles had to be removed from time to time from the street for the sewer construction. There was also a chance that the items might have been stolen from the vehicle.

He also testified that he did not have reason to believe that Greenway's automobile was involved in a crime or con-

---

[1]The order of dismissal states that because of an order suppressing the evidence which was the subject of the larceny charge, the State had no independent means of making a prima facie case. Since the order of dismissal on its face determines the cause of action, the State is permitted to appeal pursuant to CAROA 14(8) (5). *State v. Campbell*, 85 Wn.2d 199, 532 P.2d 618 (1975).

[2]In his brief Greenway contends that the trial court erred in holding that his arrest was legal. The record indicates, however, that the defendant has not filed a cross-appeal and accordingly we will not consider the issue of the legality of the arrest.

tained contraband. On cross-examination the officer stated that the vehicle was parked in a 2-hour parking area. The officer also testified that Greenway objected to the impoundment of his car. The subsequent inventory of the automobile revealed stolen property in the trunk.[3]

Following the introduction of evidence concerning the basis for the search, the trial court stated:

[T]he State concedes that there was no reason to believe that the vehicle contained contraband or any implements used to commit a crime or the fruits of a crime. The only basis on which the search can be justified is an inventory search of a legally impounded vehicle.

I think the cases are clear that the State has the burden to justify the search by providing a legal basis for the impound. . . . In my view the State has failed to sustain the burden to establish a legal impound . . .

The rule in Washington is that following a lawful impoundment, the police may conduct a good faith warrantless inventory search. *State v. Glasper*, 84 Wn.2d 17, 523 P.2d 937 (1974); *State v. Gluck*, 83 Wn.2d 424, 518 P.2d 703 (1974); *State v. Montague*, 73 Wn.2d 381, 438 P.2d 571 (1968); *State v. Bresolin*, 13 Wn. App. 386, 534 P.2d 1394 (1975); *State v. Singleton*, 9 Wn. App. 327, 511 P.2d 1396 (1973); *see generally* Annot., 48 A.L.R.3d 537 (1973).

In *State v. Gluck, supra* the court stated at page 428:

[W]e have also insisted that [inventory searches] be conducted in good faith for the purposes of (1) finding, listing, and securing from loss during detention, property belonging to a detained person, (2) protecting police from liability due to dishonest claims of theft, and (3) protecting temporary storage bailees against false charges.

Here, the trial court found that the officer was acting in

---

[3]We note that in inventorying the contents of the vehicle, the officer searched the trunk. Greenway has not contended that the officer was not justified in conducting an inventory search of the closed trunk. Accordingly, we need not decide whether an inventory should be limited in scope to a removal of objects within the vehicle which are in plain view. This issue is, however, currently before the United States Supreme Court in *State v. Opperman*, ........ S.D. ........, 228 N.W.2d 152, *cert. granted*, 423 U.S. 923, 46 L. Ed. 2d 249, 96 S. Ct. 264 (1975).

good faith in conducting the inventory search: "I am satisfied under the officer's testimony that he was acting in good faith. It was not a pretext, . . ."

■■ In ruling that the inventory was invalid on the ground that the State had failed to establish a reasonable cause for the impoundment, the trial court relied on *State v. Singleton, supra* in which we stated at page 332:

> Reasonable cause for impoundment may, for example, include the necessity for removing (1) an unattended-to car illegally parked or otherwise illegally obstructing traffic; (2) an unattended-to car from the scene of an accident when the driver is physically or mentally incapable of deciding upon steps to be taken to deal with his property, as in the case of the intoxicated, mentally incapacitated or seriously injured driver; (3) a car that has been stolen or used in the commission of a crime when its retention as evidence is necessary; (4) an abandoned car; (5) a car so mechanically defective as to be a menace to others using the public highway; (6) a car impoundable pursuant to ordinance or statute which provides therefor as in the case of forfeiture.

The six grounds referred to in *Singleton* were not, however, intended to be exclusive, and the ultimate issue is whether under all the facts and circumstances of the particular case there were reasonable grounds for an impoundment. *State v. Bresolin, supra*; cf. *State v. Glasper, supra*. The burden is on the State to present sufficient evidence to show the reasonableness of the impoundment.

In considering the testimony of the arresting officer, we disagree with the trial court's ruling that the State failed to sustain its burden of establishing a reasonable cause for the impoundment. Greenway was under arrest for a felony warrant issued in Wenatchee, Washington. The officer had a reasonable basis to believe that Greenway would not be able to immediately return to his vehicle following his arrest. There was construction in the area and the vehicle was parked in a restricted zone. Although Greenway objected to the impoundment, he did not indicate to the officer that there were reasonable alternatives for the pro-

tection of his vehicle and its contents. He did not indicate that he had friends or a spouse who were readily available to remove the vehicle from the area. Under these facts the officer acted reasonably in impounding the vehicle and in conducting a good faith inventory search.

Reversed and remanded.

Petition for rehearing denied June 24, 1976.

Review denied by Supreme Court October 19, 1976.