IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 68543-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CORYELL LAVOI ADAMS, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 8, 2013 |

GROSSE, J. — Consent is not required where officers conduct an inventory search of a lawfully impounded vehicle. Opening a car door to obtain the odometer mileage and insert a key in the ignition preparatory to towing a lawfully impounded vehicle falls within the parameters of an inventory search and does not require a warrant. Here, the driver was arrested for driving with a suspended license. The vehicle was parked in an unsafe area and attempts were made to locate other drivers to move the vehicle before impounding it. The trial court did not err in denying the defendant's motion to suppress the evidence discovered when the trooper opened the car door to prepare the car for towing.

On July 1, 2010, Trooper Gregory Marek of the Washington State Patrol stopped Coryell Adams for lane travel violations on Interstate 5. During a license check, Trooper Marek discovered that Adams' driver's license had been suspended since 2008 for unpaid child support. Trooper Marek arrested Adams. The vehicle had been stopped and parked in a tow zone and presented a threat to public safety. Attempts were made to contact Adams' friends to retrieve the vehicle but were unsuccessful. Trooper Marek then made arrangements for the car to be towed. Trooper Marek opened the driver's side door to obtain the

vehicle's mileage from its odometer and to insert the key in the ignition for the tow truck operator in accordance with police department policy. When Trooper Marek opened the door to obtain the mileage, he noticed a baggie in the driver's door panel. Based on training and experience, the trooper inferred the white crystal substance in the baggie was a narcotic, either cocaine or crystal methamphetamine. He closed the door and had the car towed to the impound lot where a K-9 dog alerted the police to possible drugs. A warrant was obtained and the search revealed a substance that was later identified as cocaine.

After a jury found Adams guilty of possession of a controlled substance, cocaine, the court sentenced him to 18 months. Adams argues that the trial court erred in denying his motion to suppress evidence seized during a search of his car. He challenges the court's finding that the trooper's actions were reasonable and that there was no search. We review a suppression ruling to determine whether substantial evidence supports the challenged findings of fact, and whether the findings of fact support the conclusions of law, which are reviewed de novo.[1]

The trial court's written finding of fact 5 stated:

To prepare the vehicle for towing, Trooper Marek opened the driver's door to get the vehicle mileage reading and ensure the key fit the ignition. These were reasonable steps of the impound process.

The trial court then concluded:

Trooper Marek's actions in opening the driver's door to get the mileage and prepare for the tow were reasonable, legal and appropriate. This did not constitute a search.

---

[1] State v. Armenta, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997).

The State concedes that the trial court's conclusion that this was not a search was incorrect. Nevertheless, this court can affirm a trial court's denial of a motion to suppress on any ground supported by the record, even where the trial court made an erroneous legal conclusion.[2]

RCW 46.55.113 authorizes the impoundment of a vehicle in certain situations. RCW 46.55.113(2)(d) authorizes impoundment "[w]henever the driver of a vehicle is arrested and taken into custody by a police officer." The reasonableness of a particular impoundment must be determined from the facts of each case.[3] Here, it is undisputed that removal of the vehicle was necessary because it was a traffic hazard. The trooper explored reasonable alternatives to impound by attempting to reach someone who could drive the vehicle.[4]

It is well settled that a police officer may conduct a good faith warrantless inventory search concomitant with a lawful impound of a vehicle.[5] Moreover, it is generally recognized that this ability stems from the "community caretaking" function of the police, and is wholly separate from criminal investigation.[6] Trooper Marek's opening the door with the intent to write down the mileage and insert the ignition key for the tow truck operator falls squarely into the community caretaking function of an inventory search. All of these actions that Trooper Marek performed were preparatory to an intended inventory search. The fact

---

[2] State v. Avery, 103 Wn. App. 527, 537, 13 P.3d 226 (2000).
[3] State v. Greenway, 15 Wn. App. 216, 219, 547 P.2d 1231 (1976).
[4] State v. Hardman, 17 Wn. App. 910, 567 P.2d 238 (1977).
[5] State v. Montague, 73 Wn.2d 381, 438 P.2d 571 (1968); State v. Garvin, 166 Wn.2d 242, 249-50, 207 P.3d 1266 (2009).
[6] South Dakota v. Opperman, 428 U.S. 364, 368, 96 S. Ct. 3092, 49 L. Ed 2d 1000 (1976).

that the trooper stated that he did not take an inventory is not determinative of whether an inventory was properly started. Trooper Marek was lawfully entering the vehicle when he discovered the potential narcotics.

Adams does not challenge the State's authority to impound the vehicle. Nor does he challenge the fact that reasonable attempts were made to find other drivers before impoundment. His challenge appears to be related solely to the trooper's opening the car door preparatory to the car being towed to the impoundment lot. Adams argues that the opening of the door was not an inventory search and therefore Trooper Marek's actions were not reasonable because there was no evidence that the tow truck operator needed the key placed in the ignition and that the impoundment form did not list the mileage from the odometer.

In State v Tyler,[7] our supreme court noted that the Washington State Patrol was required to take appropriate steps to ready a vehicle for towing once impoundment is the only reasonable course left. Such steps included the use of "a uniform impound authorization and inventory form" developed and provided by the state patrol in accordance with RCW 46.55.075.[8] In Tyler, as here, the standardized form entitled "Authorization to Tow/Impound and Inventory Record" required the officer to enter the vehicle's mileage, license plate number, vehicle identification number, make and model, and style, and whether there was any damage to the exterior of the vehicle.[9] All of those actions necessitated opening

---

[7] No. 87104-3, 2013 WL 2367952 (Wash. May 30, 2013).
[8] Tyler, 2013 WL 2367952, at *5.
[9] Tyler, 2013 WL 2367952, at *5.

4

the car door. Trooper Marek was following reasonable police procedures.[10] Marek's search was because of the impoundment and was not performed to detect crime, but rather (1) to protect the owner's property while it is in police custody; (2) to protect the police against spurious claims of lost or stolen property; and (3) to protect the police from potential danger.[11] Indeed, the trooper withdrew when he noticed the possible contraband and requested permission to search the vehicle. Adams refused.[12] Adams' refusal is immaterial because as the Tyler court noted, the police do not need to obtain consent from the driver to conduct an inventory search even when the driver has specifically refused such consent.

Trooper Marek lawfully opened the vehicle as a prelude to towing the car and his inventory was conducted in accordance with established police department policies and procedures. The trial court did not err in denying Adams' motion to suppress.

Affirmed.

WE CONCUR:

---

[10] See Colorado v. Bertine, 479 U.S. 367, 372, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987) ("reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment").

[11] Opperman, 428 U.S. at 369; Tyler, 2013 WL 2367952, at *5.

[12] Seizure of the drugs at the point the trooper discovered them would have been upheld under a valid inventory search. Tyler, 2013 WL 2367952, at *4-5.