[No. 4147-1.    Division One.    July 19, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. BOYD W. BALES, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney*, and *Daniel D. Woo, Deputy,* for appellant.

*Kempton, Savage & Gossard* and *Anthony Savage,* for respondent.

CALLOW, J.—The State of Washington appeals pursuant to CAROA 14(8)(5) from an order suppressing evidence. *State v. Campbell*, 85 Wn.2d 199, 532 P.2d 618 (1975).

The sole issue is whether the trial court erred in suppressing evidence on the ground that the State failed to establish a reasonable basis for the impoundment of Bales' vehicle prior to an inventory search.

A suppression hearing was held pursuant to CrR 4.5. An officer of the King County Department of Safety testified

that he stopped Bales for speeding outside the city of Seattle. While issuing a citation, the officer learned that a traffic warrant had been issued in Renton, Washington, for Bales' arrest and that it was outstanding. The officer arrested Bales, who asked if a friend could pick up his vehicle. He stated that the friend could arrive within a few minutes. The officer testified that he wrote down the friend's telephone number, but he did not attempt to contact the friend because the police radio was busy. The officer stated he called for an impoundment because the vehicle was illegally parked in a prohibited parking zone. Based upon these facts, the trial court ruled that the State had not sustained its burden of establishing a reasonable cause for the impoundment and accordingly suppressed the evidence discovered during an inventory search of the vehicle.

Police officers may conduct a good faith inventory search following a lawful impoundment without first obtaining a search warrant. *State v. Glasper*, 84 Wn.2d 17, 523 P.2d 937 (1974); *State v. Greenway*, 15 Wn. App. 216, 547 P.2d 1231 (1976). *See South Dakota v. Opperman*, ............ U.S. ............, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976); *Cardwell v. Lewis*, 417 U.S. 583, 41 L. Ed. 2d 325, 94 S. Ct. 2464 (1974); *Cady v. Dombrowski*, 413 U.S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523 (1973); *Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970). A vehicle may lawfully be impounded if authorized by statute or ordinance. "In the absence of statute or ordinance, there must be reasonable cause for the impoundment." *State v. Singleton*, 9 Wn. App. 327, 331, 511 P.2d 1396 (1973).

Reasonable cause for impoundment may, for example, include the necessity for removing (1) an unattended-to car illegally parked or otherwise illegally obstructing traffic; (2) an unattended-to car from the scene of an accident when the driver is physically or mentally incapable of deciding upon steps to be taken to deal with his property, as in the case of the intoxicated, mentally incapacitated or seriously injured driver; (3) a car that has been stolen or used in the commission of a crime when its retention as evidence is necessary; (4) an abandoned car; (5) a car so mechanically defective as to be a men-

ace to others using the public highway; (6) a car impoundable pursuant to ordinance or statute which provides therefor as in the case of forfeiture.

*State v. Singleton, supra* at 332-33. We recently stated in *State v. Greenway, supra* at 219:

The six grounds referred to in *Singleton* were not, however, intended to be exclusive, and the ultimate issue is whether under all the facts and circumstances of the particular case there were reasonable grounds for an impoundment. . . . The burden is on the State to present sufficient evidence to show the reasonableness of the impoundment.

■ In *State v. Greenway, supra* at 217-20, we held that sufficient facts had been introduced to establish reasonable cause for an impoundment:

Greenway was under arrest for a felony warrant . . . The officer had a reasonable basis to believe that Greenway would not be able to immediately return to his vehicle following his arrest. There was construction in the area and the vehicle was parked in a restricted zone. Although Greenway objected to the impoundment, he did not indicate to the officer that there were reasonable alternatives for the protection of his vehicle and its contents. He did not indicate that he had friends or a spouse who were readily available to remove the vehicle from the area. Under these facts the officer acted reasonably in impounding the vehicle and in conducting a good faith inventory search.

In this case, the defendant had been arrested on a traffic warrant for speeding. Unlike *Greenway* where the arrest was on a felony warrant, it was reasonable to believe that Bales' "presence at the police station to post bail on the traffic arrest warrant called for but a temporary absence." *State v. Singleton, supra* at 333. *See also State v. Bresolin,* 13 Wn. App. 386, 400, 534 P.2d 1394 (1975). Although his vehicle was illegally parked, it could have easily been moved a short distance to a legal parking area and temporarily secured against theft. *People v. Nagel,* 17 Cal. App. 3d 492, 95 Cal. Rptr. 129 (1971). *See* 27 Okla. L. Rev. 693 (1974). The defendant had indicated that a friend could

arrive within a few minutes to pick up the vehicle. The officer wrote down the friend's name and telephone number but did not contact him. When a friend or relative is available to move a vehicle for a defendant just arrested on a traffic charge, the arresting officer is not justified in calling for an impoundment absent other circumstances. *State v. Singleton, supra, State v. Boster,* 217 Kan. 618, 539 P.2d 294 (1975). Impoundment of a citizen's vehicle following his or her arrest on a traffic charge is inappropriate when reasonable alternatives to impoundment exist. To permit a subsequent warrantless inventory search to be accomplished thereby would be improper.

Here, the trial court could find that reasonable alternatives existed for the protection of Bales' vehicle and its contents other than impoundment under such circumstances. The evidence supports the trial court's determination.

Affirmed.

SWANSON and ANDERSEN, JJ., concur.

Rehearing by Court of Appeals pending February 10, 1977.