[No. 2419-3.   Division Three.   October 10, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. ARLEN D.
CUZICK, *Appellant*.

*Robert Reynolds*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Kip Kendrick, Assistant*, for respondent.

GREEN, J.—Defendant Arlen Cuzick appeals convictions on two counts of unlawful possession of a firearm.

The pertinent findings may be summarized as follows:

A police officer was dispatched to a residence to investigate a possible break–in. When he arrived, he observed a vehicle in front of the residence and the defendant on the back porch talking[1] to someone through a screen door. The officer approached the defendant and asked him what was the problem. The defendant answered that he had some personal property inside the house but his wife (the person inside the screen door) would not give it to him. The officer then talked with the defendant's wife. She advised him that she and the defendant were currently separated, that she had signed a complaint[2] against him several weeks before, and that the judge had released the defendant on his personal recognizance provided he stayed away from her. The wife suggested the officer contact the judge.

The officer returned to his vehicle, radioed the police station, and asked the dispatcher to check with the judge who at that time was holding court next to the police station. The dispatcher subsequently advised the officer that the judge was revoking his personal recognizance and that the defendant should be brought into the station.[3] During this time, the defendant took a few items of personal belongings from the residence and put them into his automobile. Upon returning to the residence, the officer was advised by the defendant's wife that the defendant always carried a sawed–off shotgun in his car.[4] The officer then went over to the defendant, who was standing by his car, and asked him if he had any guns either on his person or in

[1]The officer testified that the defendant was not acting in a disorderly or dangerous manner.

[2]Defendant's wife signed a complaint in Grandview Municipal Court alleging disorderly conduct.

[3]No arrest warrant was issued. In fact, the order revoking defendant's release on his personal recognizance was neither drafted nor entered until the hearing on defendant's motion to suppress the firearms that are the subject of this litigation.

[4]During the suppression hearing the defendant's wife strongly denied the officer's statement.

his car. The defendant answered in the negative. The officer then asked the defendant if he could "look in the car." The defendant consented. The officer searched the vehicle and found a suitcase in the back seat. The suitcase was removed from the car and opened. A boxed .22 caliber revolver was found. The officer then asked the defendant for permission to look inside the trunk. The defendant acquiesced and opened the trunk. The officer found shotgun shells but no weapon. Upon completion of the search, the officer informed the defendant he would have to go to the station because the judge wanted to see him.

The defendant was allowed to drive his vehicle to the police station. Upon arriving there, he parked the vehicle in the middle of a crosswalk and entered the station.[5] When it was determined that the defendant had previously been convicted of a felony, he was booked and charged with unlawful possession of a firearm. Shortly thereafter, defendant's vehicle was impounded and its contents inventoried. During the inventory, a second .22 caliber pistol was found under the driver's seat.

After the defendant's motion to suppress the two pistols was denied, the parties stipulated to the fact that two firearms had been found in the defendant's vehicle and that defendant had been convicted of a robbery.

The dispositive issue is whether the two searches were violative of the Fourth Amendment. We believe they were.

The State, realizing a warrantless search is per se unreasonable unless permitted by a specifically established and well delineated exception,[6] contends the first pistol seized is admissible under any of the three following exceptions: (1) search incident to a lawful arrest, (2) the automobile exception to the warrant requirement, and (3) consent. We disagree.

---

[5]The officer was present when defendant parked his car but did not call his attention to the fact it was in a crosswalk.

[6]*Katz v. United States,* 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967).

The critical element of the first exception is the efficacy of the oral revocation of defendant's pretrial release. JCrR 2.09(g),[7] which governs revocations of pretrial release, provides:

> Upon a verified application by the prosecuting attorney alleging with specificity that a defendant has willfully violated a condition of his release, a court shall order the defendant to appear for immediate hearing or issue a warrant directing the arrest of the defendant for immediate hearing. A law enforcement officer having probable cause to believe that a defendant released pending trial for a felony is about to leave the state or that he has violated a condition of such release, imposed pursuant to section (c), under circumstances rendering the securing of a warrant impracticable, may arrest the defendant and take him forthwith before the court.

Neither possibility was present. Hence, the defendant's arrest was outside the scope of JCrR 2.09(g) and cannot sustain the instant search.

■ The second exception requires three elements, the first of which is probable cause to believe the automobile contained contraband or evidence of a crime. (*See Carroll v. United States*, 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); *Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970).) Obviously, that element is absent. First, unlike a machine gun, a sawed–off shotgun in Washington is not contraband per se. *See* RCW 9.41.220. Although an officer, when he sees a sawed–off shotgun, may seize it without determining if the appropriate sections of 26 U.S.C. § 5801 *et seq.* have been satisfied (*e.g., United States v. Dye*, 303 F. Supp. 504 (W.D. Okla. 1969)), the allegation of its possible presence is not a magical totem which permits any intrusion into a constitutionally protected area, even though 26 U.S.C. § 5872 permits the extension of internal revenue laws relating to searches and seizures and forfeitures of unstamped articles

---

[7]Compare with CrR 3.2(g) wherein the court on its own motion may revoke pretrial release.

to articles taxed under 26 U.S.C. § 5801 *et seq.* The standard of reasonableness demanded by the Fourth Amendment, although less stringent in its application to the search of automobiles, has not been so obliterated as to condone a search based on attenuated probable cause. *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 20 L. Ed. 2d 538, 543–44, 88 S. Ct. 1472 (1968). The circumstantial factual support for probable cause in *Carroll* and *Chambers* (*i.e.*, the immobilization of the vehicle on the highway and the vehicle's use in the commission of a crime then under investigation) is absent here. Second, the defendant's presence at his house, although arguably a violation of a condition of pretrial release, is not a crime.[8] Third, the officer's lack of knowledge of the defendant's prior felony conviction at the time of the search obviates any "probable cause" to believe that the defendant was committing the crime of unlawful possession of a firearm.

■ The third exception is equally inapplicable. Assuming the trial court correctly found that the defendant gave a valid consent for the officer to look in his automobile, the "search" may go no further than the limits for which the consent was given. *McNear v. Rhay*, 65 Wn.2d 530, 538–40, 398 P.2d 732 (1965); *State v. Johnson*, 71 Wn.2d 239, 243–44, 427 P.2d 705 (1967); *People v. Sanders*, 44 Ill. App. 3d 510, 358 N.E.2d 375, 378 (1976); *see United States v. Chadwick*, 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977). The record is devoid of any evidence which would arguably extend defendant's consent to permit the officer to rummage through a suitcase containing his personal belongings. Therefore, the court erred in failing to suppress the first revolver.

■ Upon the suppression of the first revolver, the State's justification for booking the defendant as a felon in possession of a firearm was vitiated. Hence, there was no

---

[8] In fact, during a conversation with the officer the defendant advised the officer that he had an attorney who supposedly talked with the judge and received permission for defendant to go to the Cuzick residence to get his belongings.

justification for the impoundment and inventory search of defendant's vehicle. At most, the defendant, by parking his car in a crosswalk, subjected himself only to the possibility of a parking citation. *See State v. Hehman,* 90 Wn.2d 45, 578 P.2d 527 (1978). Thus, the second pistol should also have been suppressed.

The judgment and sentence are reversed.

McINTURFF and ROE, JJ., concur.