[No. 6150–7–III.   Division Three.   June 27, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JUAN FRANCISCO REYNOSO, *Appellant.*

*Richard L. Cease, Public Defender,* and *Richard C. Fasy, Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Paul Smith, Deputy,* for respondent.

MUNSON, J.—Juan Francisco Reynoso appeals his conviction for unlawful possession of a controlled substance in excess of 40 grams, RCW 69.50.401(d). He contends: (1) the impoundment of the car he was driving was unlawful, regardless of whether the seizure was authorized by statute, RCW 46.20.435(1); and (2) the attache case and the paper

bag, in which marijuana was found, should have been inventoried as sealed units. We reverse.

On April 12, 1983, a Washington State Patrol trooper observed Mr. Reynoso driving south on State Highway 2 near Chattaroy, without a front license plate on the vehicle. Upon being stopped and questioned by the trooper, Mr. Reynoso identified himself as Tony Garcia and indicated he did not have a driver's license. Mr. Reynoso was arrested for driving without a valid license and placed in the rear of the state patrol vehicle.

When the trooper indicated the car would be impounded, Mr. Reynoso objected and asked that it be locked and left on the shoulder of the roadway until its owner, Charlotte Reynoso, could come for the vehicle. As an alternative, Mr. Reynoso asked that his passenger, a licensed driver, be allowed to drive the car to Spokane.

The trooper contacted Ms. Reynoso, who confirmed her ownership of the car and indicated she was willing to pick it up. Nevertheless, the trooper called for a tow truck and proceeded to inventory the contents of the car incident to the impoundment. During his search, he noticed an unlocked attache case on the front seat of the car. He asked the passenger about its contents and was informed the attache case belonged to Mr. Reynoso and contained tapes. The trooper had the passenger open the attache case in order to count the tapes; a plastic baggie of marijuana was discovered inside. The passenger was arrested and placed in the patrol vehicle; the attache case and the marijuana were seized as evidence.

The trooper did not have probable cause at this time to search for additional contraband, but continued his inventory of the contents of the car. In so doing, he found a brown paper bag underneath the driver's seat. Upon opening the bag, he found five additional baggies of marijuana.

Then the trooper compared the vehicle identification number obtained during his registration check with the serial number on the vehicle and discovered it did not correspond. After the two arrestees were transported to the

Spokane City–County Jail, Mr. Reynoso's true identity was discovered. It was also determined his driver's license was suspended and there were six outstanding warrants for his arrest. After being advised of his constitutional rights, Mr. Reynoso admitted he purchased the marijuana in Newport. On May 25, 1983, Mr. Reynoso was charged by amended information with unlawful possession of a controlled substance in excess of 40 grams, RCW 69.50.401(d). He moved to suppress all evidence seized during the inventory search.

The motion was denied. Following the court's ruling, Mr. Reynoso stipulated to the above facts for purposes of a determination of guilt.[1] The marijuana seized from the car totaled 92.9 grams. The court found Mr. Reynoso guilty as charged. This appeal followed.

Mr. Reynoso raises the same contentions here that he raised at trial; the marijuana should have been suppressed as the fruit of an unlawful impoundment. He argues it is unreasonable to impound a car following the arrest of the driver for a traffic violation, unless there is probable cause to seize the vehicle or there are no reasonable alternatives to impoundment. We agree.

The fourth amendment to the United States Constitution and article 1, section 7 of the Washington Constitution require all seizures to be reasonable. *State v. White,* 97 Wn.2d 92, 109–10, 640 P.2d 1061 (1982). An impoundment, because it involves the governmental taking of a vehicle into exclusive custody, is a "seizure" in the literal sense of that term. *State v. Davis,* 29 Wn. App. 691, 697, 630 P.2d 938, 17 A.L.R.4th 53, *review denied,* 96 Wn.2d 1013 (1981). Whether a particular impoundment is reasonable must be determined from the facts of each case. *State v. Greenway,* 15 Wn. App. 216, 219, 547 P.2d 1231, *review denied,* 87 Wn.2d 1009 (1976). The circumstances justifying impoundment of a vehicle were recently set out in *State v. Simpson,*

---

[1]Although the sequence of events is not clear from the record, the parties stipulated during oral argument to the chain of events surrounding the impoundment and inventory search.

95 Wn.2d 170, 189, 622 P.2d 1199 (1980):

A motor vehicle may be lawfully impounded in certain specific circumstances: (1) as evidence of a crime, if the officer has probable cause to believe that it was stolen or used in the commission of a felony, [State v.] Houser [95 Wn.2d 143, 144–50, 622 P.2d 1218 (1980)]; (2) as part of the police "community caretaking function," if the removal of the vehicle is necessary (in that it is abandoned, or impedes traffic, or poses a threat to public safety and convenience, or is itself threatened by vandalism or theft of its contents), and neither the defendant nor his spouse or friends are available to move the vehicle, Houser, at 150–52; State v. Hardman, 17 Wn. App. 910, 567 P.2d 238 (1977), review denied, 89 Wn.2d 1020 (1978); State v. Bales, 15 Wn. App. 834, 552 P.2d 688 (1976), review denied, 89 Wn.2d 1003 (1977); and (3) as part of the police function of enforcing traffic regulations, if the driver has committed one of the traffic offenses for which the legislature has specifically authorized impoundment. See State v. Singleton, 9 Wn. App. 327, 332–33, 511 P.2d 1396 (1973); 2 W. LaFave, § 7.4(a) [1978].

The impoundment here cannot be justified on the basis of probable cause to believe the vehicle was stolen or used in the commission of a felony. At the time the trooper impounded the car, he was only aware the front license plate of the vehicle was missing and Mr. Reynoso did not have a valid driver's license. Although he later determined the vehicle identification number obtained from his registration check did not correspond to the serial number on the car, and also discovered Mr. Reynoso had given a false name, there is no indication the trooper had any reason to believe the car was stolen when he impounded it. In State v. Simpson, supra at 189, the court concluded this type of discrepancy involving a vehicle identification number only indicates the owner of the vehicle had failed to attend to his licensing responsibilities:

Although respondent certainly was in violation of traffic regulations, there was not probable cause to believe that he stole the vehicle rather than simply failing to attend to his licensing responsibilities.

The impoundment also cannot be justified as part of the community caretaking function of police; there was no indication the car posed a threat to public safety or impeded traffic. Moreover, the owner and Mr. Reynoso's passenger were available to remove the vehicle from the scene.

The determinative issue is whether the impoundment was justified under the last criterion set forth in *Simpson,* *i.e.,* an impoundment authorized by statute. Since Mr. Reynoso was operating the vehicle without a valid driver's license, a statutory violation,[2] the State contends the trooper was fully justified in impounding the car under RCW 46.20.435.[3] The State argues that reasonable cause to impound need only be shown in the absence of a statute or ordinance specifically authorizing impoundment. These contentions are not persuasive for two reasons.

---

[2]RCW 46.20.021 provides in part: "(1) No person, except those hereinafter expressly exempted shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license issued under the provisions of this chapter."

[3]RCW 46.20.435 provides:

"(1) Upon determining that a person is operating a motor vehicle without a valid driver's license in violation of RCW 46.20.021 or with a license that has been expired for ninety days or more, or with a suspended or revoked license in violation of RCW 46.20.342 or 46.20.420, a law enforcement officer may immediately impound the vehicle which the person is operating.

"(2) If the driver of the vehicle is the owner of the vehicle, the department shall not release the vehicle impounded under subsection (1) of this section until the owner of the vehicle:

"(a) Establishes to the department that any penalties, fines, or forfeitures owed by the person driving the vehicle when it was impounded have been satisfied; and

"(b) Pays to the person who impounded and stored the vehicle the reasonable costs of such impoundment and storage.

"(3) If the driver of the vehicle is not the owner of the vehicle, the driver shall be responsible for any penalties, fines, or forfeitures owed or due and for the costs of impoundment and storage. The vehicle shall be released to the owner upon proof of such ownership.

"(4) The department shall adopt such rules as are necessary for the administration of this section."

■ First, the language of RCW 46.20.435(1) indicates the Legislature did not intend that provision to be enforced indiscriminately without reference to the specific circumstances confronting the law enforcement officer. The use of the word "may" as compared to "shall" suggests those responsible for enforcing RCW 46.20.435(1) are expected to exercise some discretion in deciding whether to impound a vehicle. Discretion necessarily involves sound judgment based upon the particular facts and circumstances confronting the officer; this is particularly true since the Department of Licensing has not established guidelines for impoundment, as authorized under subsection (4) of RCW 46.20.435.[4]

When subsections (1) through (3) are considered as a whole, it is clear the Legislature was primarily interested in preventing a continuing violation of RCW 46.20.021 or the other traffic offenses listed in subsection (1) of RCW 46.20-.435. If a validly licensed driver is available to remove the vehicle, a reason to impound must be shown. Subsection (3) states the car is to be immediately released to the owner upon proof of such ownership, when the driver of the vehicle is not the owner. Under subsection (2), the vehicle will be held for the additional purpose of securing payment of fines, penalties and forfeitures, when the driver is the owner of the vehicle.

Second, enforcement of RCW 46.20.435 must be reasonable in order to satisfy constitutional requirements. In *Cooper v. California,* 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788, *reh'g and modification denied,* 386 U.S. 988, 18 L. Ed. 2d 243, 87 S. Ct. 1283 (1967), the defendant was arrested and his car was impounded pursuant to a state statute authorizing the arrest of a driver for violation of state narcotics laws and the seizure of his vehicle used in the unlawful transportation of narcotics. A majority of the

---

[4]The provisions of WAC 308-95, Vehicle Impound, only pertain to the procedures to be followed after the decision to impound has been made by the officer.

Court upheld the subsequent search of the vehicle, but noted: "the question . . . is not whether the search was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment." *Cooper v. California*, 386 U.S. at 61. *See also State v. Hehman*, 90 Wn.2d 45, 47–48, 578 P.2d 527 (1978); *State v. Cuzick*, 21 Wn. App. 501, 505–06, 585 P.2d 485 (1978).

In *State v. Simpson, supra* at 189, *State v. Singleton*, 9 Wn. App. 327, 332–33, 511 P.2d 1396 (1973) is cited for the proposition an impoundment is proper if specifically authorized by statute; a close reading of *Singleton* indicates such impoundment must still be reasonable under the circumstances:

> Reasonable cause for impoundment may, for example, include the necessity for removing . . . (6) a car impoundable pursuant to [an] ordinance or statute which provides therefor as in the case of forfeiture. The mere commission of one or more of the 27 bailable traffic offenses listed in JTR T2.03(m) [80 Wn.2d 1118–19] does not necessarily provide reasonable cause for impoundment. *See People v. Nagel*, 17 Cal. App. 3d 492, 95 Cal. Rptr. 129 (1971); *Virgil v. Superior Court*, 268 Cal. App. 2d 127, 73 Cal. Rptr. 793 (1968). . . . There is even case support for the view that if the driver cannot present his driver's license when arrested on a traffic violation, impoundment on that account is not required. *People v. Nagel, supra; United States v. Pannell*, 256 A.2d 925 (D.C. App. 1969).

*State v. Singleton, supra* at 332–33.

■ Here, the impoundment was unreasonable and thus unlawful. There was no justification for the inventory search; the evidence should have been suppressed. *State v. Williams*, 102 Wn.2d 733, 742–43, 689 P.2d 1065 (1984); *State v. Simpson, supra* at 189–91; *State v. Houser*, 95 Wn.2d 143, 147–48, 622 P.2d 1218 (1980); *State v. Bales*, 15 Wn. App. 834, 836–37, 552 P.2d 688 (1976), *review denied*, 89 Wn.2d 1003 (1977).

Having so concluded, we do not address Mr. Reynoso's remaining contention.

The conviction is reversed.

GREEN, C.J., and MCINTURFF, J., concur.