[No. 9934–2–III.   Division Three.   March 1, 1990.]

THE STATE OF WASHINGTON, *Petitioner,* v. DOUGLAS W. CLIFFORD, *Respondent.*

*John G. Wetle, Prosecuting Attorney,* and *Pamela Payne, Deputy,* for petitioner.

*Douglas W. Clifford,* pro se.

SHIELDS, J.—The Stevens County Superior Court reversed the decision of the District Court and determined the impoundment of Douglas W. Clifford's truck was improper. The State appeals; we reverse.

On August 18, 1987, an officer with the Kettle Falls Police Department stopped Mr. Clifford for driving his pickup truck with expired license tabs. The officer requested Mr. Clifford to produce his driver's license. Mr. Clifford did not do so. After the third request, Mr. Clifford still failed to produce a valid driver's license, stating he had a constitutional right to drive on the highway. The officer ran a "driver check" and "vehicle check" through the sheriff's department radio and was advised Mr. Clifford had no valid driver's license, and his vehicle was also unlicensed. The officer was also advised the vehicle license had expired in 1985.

The officer had arrested Mr. Clifford just 1 month previous, on July 29, 1987, for driving without a valid driver's license. Pursuant to that July 29 arrest, the officer had obtained an abstract of Mr. Clifford's driving record and learned Mr. Clifford's driver's license had expired on July 5, 1987. The officer had also seen Mr. Clifford driving the same unlicensed vehicle once between the July 29 arrest and the August 18 stop, but because the officer was off duty, no citation had been issued. In view of these facts, the officer arrested Mr. Clifford for driving without a valid driver's license, and also impounded his truck.

At the impound hearing, the District Court found, at the time of the arrest and impoundment, the officer knew Mr. Clifford currently had an expired vehicle license, and Mr. Clifford's vehicle license had been expired in the past. The court found the officer was also aware Mr. Clifford had an expired driver's license and had been previously arrested for that offense. The court additionally found Mr. Clifford was the owner of the truck and had outstanding fines of $1,083. The court held the impoundment was proper under

RCW 46.20.435(1),[1] because of Mr. Clifford's continuing violation of RCW 46.20.021.[2]

The Stevens County Superior Court heard Mr. Clifford's appeal concerning the impoundment issue and reversed, relying on *State v. Reynoso*, 41 Wn. App. 113, 702 P.2d 1222 (1985). The Superior Court ruled the impoundment was unreasonable, because the arresting officer only knew of one previous violation of the statute requiring a valid driver's license, and did not know of prior convictions. We granted the State's motion for discretionary review of this decision.

■■ *Reynoso* differs factually from the circumstances before us. When the officer in *Reynoso* stopped the vehicle, he discovered the driver did not have a valid driver's license. With only the knowledge of that current offense, and with no knowledge of a *continuing* violation of RCW 46.20.021, *Reynoso*, at 119, the officer had the car impounded. Here, at the time of the August 18 stop of Mr. Clifford, the officer knew: Mr. Clifford's driver's license had expired at the beginning of July; he had arrested Mr. Clifford on July 29 for driving without a license; within the past month Mr. Clifford had been driving his unlicensed truck; and Mr. Clifford still had no valid driver's license and his truck continued to be unlicensed. Additionally, on August 18, and on every other occasion the officer had stopped Mr. Clifford for no valid license tabs and no valid driver's license, Mr. Clifford indicated he had a constitutional right to travel the highway without submitting to

---

[1]RCW 46.20.435(1) reads:

"Upon determining that a person is operating a motor vehicle without a valid driver's license in violation of RCW 46.20.021 or with a license that has been expired for ninety days or more, or with a suspended or revoked license in violation of RCW 46.20.342 or 46.20.420, a law enforcement officer may immediately impound the vehicle that the person is operating."

[2]RCW 46.20.021(1) provides, in part:

"No person, except as expressly exempted by this chapter, may drive any motor vehicle upon a highway in this state unless the person has a valid driver's license issued under the provisions of this chapter."

licensing regulations. Thus, the officer had sufficient evidence Mr. Clifford was continuing his violation of RCW 46.20.021. Under RCW 46.20.435, this was a valid reason to impound Mr. Clifford's truck.

Mr. Clifford also argues the officer only knew of prior citations for violating RCW 46.20.021, not of prior convictions. Statutory language is to be given its plain and ordinary meaning so as to give effect to the Legislature's purpose as expressed in the statute. *State v. Malone,* 106 Wn.2d 607, 610, 724 P.2d 364 (1986). The statute does not require knowledge of a prior conviction and we decline to require it here.

The decision of the Superior Court is reversed and the order of impoundment by the District Court is reinstated.

MUNSON, C.J., and GREEN, J., concur.