[No. 16694-5-III.  Division Three.  October 20, 1998.]
THE STATE OF WASHINGTON, *Respondent*, v. RALPH JOHN PETERSON, *Appellant*.

---

900

*David N. Gasch*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

KURTZ, J. — Ralph John Peterson was driving a friend's car when he was pulled over for expired license tabs. After the officer learned Mr. Peterson's license was suspended, he impounded the vehicle. The officer searched the car and found a controlled substance. Mr. Peterson moved to sup-

press the evidence, arguing the impound was an unlawful search and seizure. The trial court declined to exclude the evidence. In *State v. Reynoso*, 41 Wn. App. 113, 118-20, 702 P.2d 1222 (1985), this court ruled the statutory impound authorization was permissive and, therefore, police discretion must be reasonable and used to prevent further violations of the traffic code. The State asks us to reconsider *Reynoso*. We decline to do so, but we conclude under the facts of this case that the decision to impound the vehicle was reasonable and consistent with our holding in *Reynoso*.

## FACTS

Ralph John Peterson was the driver and sole occupant, but not the owner, of a car that was pulled over at 2:00 A.M. by Officer Richard Carroll for expired license tabs. Mr. Peterson was unable to locate the registration or proof of insurance. A radio check revealed Mr. Peterson's license was suspended. Officer Carroll learned through the Department of Licensing that the car was owned by John Brady. Without further inquiry of Mr. Peterson, and without attempting to contact Mr. Brady, Officer Carroll decided to impound the car. He instructed Mr. Peterson to exit the car, and he searched it. During the search, the officer discovered a small blue pouch next to the driver's seat with a syringe sticking out of it. Inside the pouch was cocaine. Mr. Peterson was arrested for possession of a controlled substance.

Prior to trial, Mr. Peterson moved to suppress the items found in the car. The court found the search was proper, pursuant to a lawful impoundment, and was reasonable considering Mr. Peterson's suspended license, the expired car license, the lack of insurance or registration, and the lack of testimony that another driver was available to move the car. Following a jury trial, Mr. Peterson was convicted of two counts of possession of a controlled substance. He appeals.

## ANALYSIS

Did the trial court err by denying Mr. Peterson's motion

to suppress evidence taken from the car during an inventory search because the impoundment was unlawful?

■■■ Under the Fourth Amendment to the UNITED STATES CONSTITUTION and article I, section 7 of the WASHINGTON STATE CONSTITUTION, all seizures must be reasonable. *State v. White*, 97 Wn.2d 92, 109-10, 640 P.2d 1061 (1982). Impoundment is a seizure because it involves the governmental taking of a vehicle into its exclusive custody. *Reynoso*, 41 Wn. App. at 116. The reasonableness of a particular impoundment must be determined from the facts of each case. *State v. Greenway*, 15 Wn. App. 216, 219, 547 P.2d 1231, *review denied*, 87 Wn.2d 1009 (1976). Three circumstances justify impounding a vehicle: (1) as evidence of a crime; (2) as part of the police "community caretaking function," if removal of the vehicle is necessary; and (3) as part of the police function of enforcing traffic regulations, if the driver has committed a traffic offense for which the Legislature has authorized impoundment. *State v. Simpson*, 95 Wn.2d 170, 189, 622 P.2d 1199 (1980).

The State contends that since Mr. Peterson was operating the vehicle while his license was suspended, the officer was justified in impounding the car pursuant to former RCW 46.20.435(1). That statute provided: "Upon determining that a person is operating a motor vehicle . . . with a suspended or revoked license in violation of RCW 46.20.342 or 46.20.420, a law enforcement officer may immediately impound the vehicle that the person is operating."[1]

■■ ■■ Police officers are to exercise discretion when deciding to impound a vehicle. *Reynoso*, 41 Wn. App. at 119. "Discretion necessarily involves sound judgment based upon the particular facts and circumstances confronting the officer." *Id.* Former RCW 46.20.435 was meant to

---

[1] This statute is now codified at RCW 46.55.113 (1997) and provides: "[A] police officer may take custody of a vehicle and provide for its prompt removal to a place of safety under any of the following circumstances:

". . . .

"(7) Upon determining that a person is operating a motor vehicle . . . with a suspended or revoked license in violation of RCW 46.20.342 or 46.20.420."

prevent a continuing violation of RCW 46.20.021. *Id.* Accordingly, "[i]f a validly licensed driver is available to remove the vehicle, a reason to impound must be shown." *Id.*

In *State v. Coss*, 87 Wn. App. 891, 943 P.2d 1126 (1997), *review denied*, 134 Wn.2d 1028 (1998), the driver had a suspended license, but several other passengers were present but not afforded the opportunity to drive the car from the scene. Here, Mr. Peterson was in the car alone at 2:00 A.M. The officer pulled him over because the vehicle had expired tabs. Subsequently, Mr. Peterson could not locate the registration or proof of insurance. Upon learning of Mr. Peterson's suspended license, the officer decided to impound the car, but not arrest Mr. Peterson for driving with a suspended license. The record reflects the officer's intention to impound the car rather than arrest Mr. Peterson in order to insure against the further use of the car by Mr. Peterson.

*Coss* followed *Reynoso*, wherein this court ruled the statutory impound authorization was permissive and, therefore, the police's exercise of discretion to impound the vehicle must be reasonable and used to prevent further violations of the traffic code. The State argues this approach adds additional requirements not found in the statute. The State asks us to reconsider our decision in *Reynoso*. Having followed the *Reynoso* holding last year in *Coss*, we decline to reconsider it.

The facts of this case and *Coss* are distinguishable by the presence of the other passengers. It was unreasonable for the officer to impound the vehicle in *Coss* without determining whether these passengers could legally have driven the car from the scene or safely made other arrangements for it. Here, the owner was not present to authorize a licensed and insured driver to remove the vehicle or to authorize leaving the vehicle by the side of the road. The decision of the trial court is consistent with *Reynoso*. The impoundment was the best approach to protect the police and the property owner and was reasonable under these circumstances.

The judgment of the trial court is affirmed.

BROWN, J., concurs.

SCHULTHEIS, C.J. (dissenting) — Because the majority erroneously determines that *State v. Coss*, 87 Wn. App. 891, 943 P.2d 1126 (1997), *review denied*, 134 Wn.2d 1028 (1998) is distinguishable from the facts of this case and is consistent with *State v. Reynoso*, 41 Wn. App. 113, 702 P.2d 1222 (1985), I respectfully dissent. Impoundment of the vehicle driven by Mr. Peterson was *not* reasonable under the facts of this case.

The determinative issue in this case is whether or not the impoundment of the vehicle was justified pursuant to *State v. Simpson*, 95 Wn.2d 170, 622 P.2d 1199 (1980) as part of the police function of enforcing traffic regulations if the driver committed a traffic offense for which the Legislature authorized impoundment. The language of former RCW 46.20.435[2] indicates the Legislature did not intend that statute to be enforced without reference to the particular circumstances confronting the law enforcement officer. "The use of the word 'may' as compared to 'shall' suggests those responsible for enforcing [former] RCW 46.20.435(1) are expected to exercise some discretion in deciding whether to impound a vehicle." *Reynoso*, 41 Wn. App. at 119. At the suppression hearing Officer Richard Carroll admitted that whether a vehicle would be impounded when the license tabs were expired and the driver was cited for driving with a suspended license would depend on the circumstances.[3] Yet here, without considering *any* alternatives to impoundment, Officer Carroll called for a tow truck and began to search the vehicle. And, this inven-

---

[2]Former RCW 46.20.435 was in effect in May 1996 when the car was impounded.

[3]Verbatim report of proceedings at 9-10.

tory search began before citing Mr. Peterson for the traffic offense.[4]

When read as a whole, it is clear that former RCW 46.20.435 was promulgated to prevent a continuing violation of certain traffic laws. Accordingly, "[i]f a validly licensed driver is available to remove the vehicle, a reason to impound must be shown." *Reynoso,* 41 Wn. App. at 119. This was not accomplished. By his own admission Officer Carroll did not attempt to contact the registered owner of the vehicle or ask Mr. Peterson if there was someone with a valid driver's license who would be willing to move the vehicle prior to calling for a tow truck. Although an officer is not required to exhaust all possibilities, the officer must at least consider alternatives to impoundment. If no remedy can be found after this deliberation, impoundment is proper. *State v. Hardman,* 17 Wn. App. 910, 914, 567 P.2d 238 (1977), *review denied,* 89 Wn.2d 1020 (1978).

Because I believe the officer should have taken some reasonable step toward contacting the owner of the car prior to calling the tow truck, the impoundment was unreasonable and thus unlawful. As such, there was no justification for the inventory search.[5] The trial court erred when it did not grant Mr. Peterson's motion to suppress.

---

[4]Verbatim report of proceedings at 7.

[5]*See Reynoso,* 41 Wn. App. 113.