

This opinion was
filed for record
at _8am_ on _10/17/2019_

_____ Deputy
for Susan L. Carlson
Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | No. 96183-2 |
| | ) | |
| v. | ) | |
| | ) | En Banc |
| JOEL A. VILLELA, | ) | |
| | ) | |
| Respondent. | ) | Filed   **OCT 1 7 2019** |
| | ) | |

GONZÁLEZ, J.—Our state constitution protects our right to privacy. CONST. art. I, § 7. Under our constitution, the State and its agents may not disturb our "private affairs . . . without authority of law." *Id.* "Authority of law" generally means a warrant issued by a neutral magistrate or a long-standing exception to the warrant requirement.

We are asked today whether the legislature has created "authority of law," as understood in our constitution, by passing RCW 46.55.360. LAWS OF 2011, ch. 167, § 3. Under RCW 46.55.360, officers are required to impound a vehicle any time they arrest its driver for driving under the influence. This impound is mandatory, regardless of whether the vehicle is

safely off the roadway or whether another person is able to safely drive it away. The trial court below found that RCW 46.55.360 violates our constitution because it requires what the constitution allows only under limited circumstances. We agree. Our constitution cannot be amended by statute, and while the legislature can give more protection to constitutional rights through legislation, it cannot use legislation to take that protection away. Accordingly, we affirm.

FACTS

Late one night in January 2018, Sergeant Paul Snyder stopped a jeep driven by Joel Villela for speeding. Sergeant Snyder smelled alcohol on Villela's breath and, after Villela declined a roadside field sobriety test, arrested him on suspicion of driving while under the influence of intoxicants (DUI). Sergeant Snyder also impounded Villela's jeep under RCW 46.55.360. Following the dictates of RCW 46.55.360, Sergeant Snyder did not consider whether there was a reasonable alternative to impounding Villela's jeep, such as releasing it to one of Villela's two passengers.

After the jeep was impounded, Sergeant Snyder did an inventory search of its contents. Sergeant Snyder found sandwich bags, digital scales, black cloth, pipes, and $340 in cash, all of which he believed was associated with drug dealing. A search incident to arrest discovered cocaine on Villela

2

himself. Villela was charged with DUI and possession with intent to deliver controlled substances.

Villela moved to suppress the fruits of the inventory search on the grounds that the mandatory impound of his jeep (which was the only grounds for the search) was not a lawful seizure under article I, section 7.[1] At the hearing, the trial judge noted that this issue had come up several times before in the Grant County Superior Court, including in his own courtroom. Villela offered evidence that the costs associated with even a brief vehicle impound can easily exceed $1,000 and may result in the loss of the vehicle. The trial judge granted the suppression motion, concluding:

> [W]hile a state may impose more restrictive standards than the constitution requires, it may not, as the Washington legislature did when it enacted RCW 46.55.360, expand the scope of police authority to [search] and seize under the constitution. *See Nathanson v. United States*, 290 U.S. 41, [54 S. Ct. 11, 78 L. Ed. 159] (1933). That statute, therefore, is unconstitutional.

Clerk's Papers at 50.

The parties agreed that there was good cause for immediate review. RAP 2.4, 2.3(b)(4). Thus, there has been no trial yet. Our commissioner granted the State's motion for direct review. The Washington State Patrol

---

[1] Villela brought other challenges to the search. The trial court analyzed only article I, section 7. Like the trial court, we do not find it necessary to reach the remaining arguments.

submitted an amicus brief supporting the State. The American Civil Liberties Union of Washington, the Washington Defender Association, the Washington Association of Criminal Defense Lawyers, and the Institute for Justice filed a joint amicus brief supporting Villela.

ANALYSIS

"The right to be free from searches by government agents is deeply rooted in our nation's history and law, and it is enshrined in our state and national constitutions." *State v. Day*, 161 Wn.2d 889, 893, 168 P.3d 1265 (2007) (citing U.S. CONST. amend. IV; CONST. art. I, § 7). "Generally, officers of the State must obtain a warrant before intruding into the private affairs of others, and we presume that warrantless searches violate both constitutions." *Id.* However, "[t]hat presumption can be rebutted if the State shows a search fell within certain 'narrowly and jealousy drawn [exceptions] to the warrant requirement.'" *Id.* at 893-94 (second alteration in original) (quoting *State v. Stroud*, 106 Wn.2d 144, 147, 720 P.2d 436 (1986), *overruled in part by State v. Valdez,* 167 Wn.2d 761, 224 P.3d 751 (2009)).

Villela challenges the constitutionality of the mandatory seizure statute, RCW 46.55.360. "'We presume statutes are constitutional and review challenges to them de novo.'" *State v. Lanciloti*, 165 Wn.2d 661, 667, 201 P.3d 323 (2009) (quoting *City of Seattle v. Ludvigsen*, 162 Wn.2d

660, 668, 174 P.3d 43 (2007)). As the challenger, Villela bears the burden of establishing that the statutorily mandated seizure of his vehicle violates our constitution. *Id.* (citing *Heinsma v. City of Vancouver*, 144 Wn.2d 556, 561, 29 P.3d 709 (2001)).

RCW 46.55.350-.360, also known as "Hailey's Law," was in part a response to a tragic car accident. LAWS OF 2011, ch. 167, § 1. It says in most relevant part:

> (1)(a) When a driver of a vehicle is arrested for a violation of RCW 46.61.502 [driving under the influence] or 46.61.504 [physical control of a vehicle while under the influence], the vehicle is subject to summary impoundment and except for a commercial vehicle or farm transport vehicle under subsection (3)(c) of this section, the vehicle must be impounded.
>
> . . . .
>
> (2)(a) When a driver of a vehicle is arrested for a violation of RCW 46.61.502 or 46.61.504 and the driver is a registered owner of the vehicle, the impounded vehicle may not be redeemed within a twelve-hour period following the time the impounded vehicle arrives at the registered tow truck operator's storage facility . . . unless there are two or more registered owners of the vehicle or there is a legal owner of the vehicle that is not the driver of the vehicle. A registered owner who is not the driver of the vehicle or a legal owner who is not the driver of the vehicle may redeem the impounded vehicle after it arrives at the registered tow truck operator's storage facility.

RCW 46.55.360. The legislature was concerned that under existing law, those arrested for DUI could "go[] to the tow truck operator's storage facility and redeem[] the vehicle while still impaired." RCW

5

46.55.350(1)(b). The statute includes detailed exceptions for commercial and agricultural vehicles and immunity provisions for officers, government agencies, and tow truck operators. RCW 46.55.360(1)(c), (3)(c), (4). The legislature's intent was

> (a) [t]o change the primary reason for impounding the vehicle operated by a person arrested for driving or controlling a vehicle under the influence of alcohol or drugs. The purpose of impoundment under [RCW 46.55.350-.360] is to protect the public from a person operating a vehicle while still impaired, rather than to prevent a potential traffic obstruction; and

> (b) [*t*]*o require that officers have no discretion as to whether or not to order an impound* after they have arrested a vehicle driver with reasonable grounds to believe the driver of the vehicle was driving while under the influence of alcohol or drugs, or was in physical control of a vehicle while under the influence of alcohol or drugs.

RCW 46.55.350(2) (emphasis added).

We use a two-step analysis to determine whether article I, section 7 has been violated. *State v. Puapuaga*, 164 Wn.2d 515, 521-22, 192 P.3d 360 (2008) (citing *State v. Surge*, 160 Wn.2d 65, 71, 156 P.3d 208 (2007) (plurality opinion)); ROBERT F. UTTER & HUGH D. SPITZER, THE WASHINGTON STATE CONSTITUTION 32 (2d ed. 2013). First, we "determine whether the action complained of constitutes a disturbance of one's private affairs." *Puapuaga*, 164 Wn.2d at 522. If so, we turn to the second step: "whether authority of law justifies the intrusion. *Id.* (citing *Surge*, 160

6

Wn.2d at 71). "The 'authority of law' required by article I, section 7 is a valid warrant unless the State shows that a search or seizure falls within one of the jealously guarded and carefully drawn exceptions to the warrant requirement." *State v. Hinton*, 179 Wn.2d 862, 868-69, 319 P.3d 9 (2014) (citing *State v. Miles*, 160 Wn.2d 236, 244, 156 P.3d 864 (2007)).[2] "[W]arrantless seizures are per se unreasonable, and the State bears the burden of demonstrating that a warrantless seizure falls into a narrow exception to the rule." *State v. Doughty*, 170 Wn.2d 57, 61, 239 P.3d 573 (2010) (citing *State v. Williams*, 102 Wn.2d 733, 736, 689 P.2d 1065 (1984)).

Impounding a car is a seizure under our state constitution. *State v. Reynoso*, 41 Wn. App. 113, 116, 702 P.2d 1222 (1985) (citing *State v. Davis*, 29 Wn. App. 691, 697, 630 P.2d 938 (1981)). "From the earliest days of the automobile in this state, this court has acknowledged the privacy interest of individuals and objects in automobiles." *City of Seattle v. Mesiani*, 110 Wn.2d 454, 456-57, 755 P.2d 775 (1988) (citing *State v. Gibbons*, 118 Wash. 171, 187, 203 P. 390 (1922)). *Mesiani* found warrantless sobriety checkpoints unconstitutional under article I, section 7.

---

[2] A subpoena issued by a neutral magistrate can also provide authority of law. *Miles*, 160 Wn.2d at 247 (citing *State v. Ladson*, 138 Wn.2d 343, 352 n.3, 979 P.2d 833 (1999)); *see also State v. Reeder*, 184 Wn.2d 805, 819, 365 P.3d 1243 (2015).

*Id.* at 458. Thus, as the State concedes, the first step of the *Puapuaga* analysis is met.

The State turns to the second step of the article I, section 7 analysis and argues that the seizure (and thus the resulting inventory search) was lawful because the statute provides the authority of law required by our constitution. Whether this is so turns on whether a statute requiring a mandatory warrantless seizure is consistent with the guaranties of article I, section 7. The constitution, of course, cannot be amended by statute, and while the legislature can legislatively protect constitutional rights, it cannot legislate them away. *Gerberding v. Munro*, 134 Wn.2d 188, 196, 949 P.2d 1366 (1998) (citing *Culliton v. Chase*, 174 Wash. 363, 373-74, 25 P.2d 81 (1933)); *Nathanson*, 290 U.S. at 47.

As we recently summarized:

> A vehicle may be lawfully impounded (1) as evidence of a crime, when the police have probable cause to believe the vehicle has been stolen or used in the commission of a felony offense; (2) under the "community caretaking function" if (a) the vehicle must be moved because it has been abandoned, impedes traffic, or otherwise threatens public safety or if there is a threat to the vehicle itself and its contents of vandalism or theft and (b) the defendant, the defendant's spouse, or friends are not available to move the vehicle; and (3) in the course of enforcing traffic regulations if the driver committed a traffic offense for which the legislature has expressly authorized impoundment.

> However, if there is no probable cause to seize the vehicle and a reasonable alternative to impoundment exists, then it is unreasonable to impound a citizen's vehicle.

*State v. Tyler*, 177 Wn.2d 690, 698, 302 P.3d 165 (2013) (emphasis and citations omitted) (citing *State v. Williams*, 102 Wn.2d 733, 742-43, 689 P.2d 1065 (1984); *State v. Houser*, 95 Wn.2d 143, 153, 622 P.2d 1218 (1980)).

The State calls language from a Court of Appeals opinion, *State v. Singleton*, 9 Wn. App. 327, 331, 511 P.2d 1396 (1973), to our attention. *Singleton* did say in passing that "[a]n impoundment is lawful if authorized by statute or ordinance." *Id.* But the court's observation was in the context of a discussion of statutes that did *not* justify the impoundment. *Id.* at 331-34. Since the statutes did not justify the impoundment (which was found unlawful), there was no need to consider whether the statutes were constitutional. As the Court of Appeals later clarified in *Reynoso*, "a close reading of *Singleton* indicates such impoundment must still be reasonable *under the circumstances.*" *Reynoso*, 41 Wn. App. at 120 (emphasis added). Determining whether an impoundment is reasonable under the circumstances requires an act of judgment by the officer on the scene.

We have long held that under article I, section 7, authority of law to impound a vehicle after the driver has been arrested exists in two circumstances. *See State v. Houser*, 95 Wn.2d at 153 (citing *State v. Bales*, 15 Wn. App. 834, 552 P.2d 688 (1976)). First, a vehicle may be impounded

on probable cause that it contains evidence of a crime. *Id.* at 149. Second, a vehicle may be impounded when there is "'reasonable and proper justification for such impoundment.'" *Houser*, 95 Wn.2d at 147-48 (quoting *State v. Montague*, 73 Wn.2d 381, 385, 438 P.2d 571 (1968)). "The reasonableness of a search or seizure must be decided in light of the facts and circumstances *of the case*." *Id.* at 148. (emphasis added) (citing *South Dakota v. Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976)). "The police officer does not have to exhaust all possible alternatives, but *must consider reasonable alternatives*." *State v. Tyler*, 177 Wn.2d at 699 (emphasis added) (citing *State v. Coss*, 87 Wn. App. 891, 899, 943 P.2d 1126 (1997)). Thus, an impound is lawful under article I, section 7 only if, in the judgment of the impounding officer, it is reasonable under the circumstances and there are no reasonable alternatives. Since the officer did not make that judgment, the impound was unlawful under our state constitution, and the trial court properly suppressed the fruits of the seizure.[3]

---

[3] We note that our holding today is consistent with, though not dictated by, our opinion in *In re Impoundment of Chevrolet Truck*, 148 Wn.2d 145, 149, 60 P.3d 53 (2002). That case began as a constitutional challenge to a Washington State Patrol regulation that mandated seizing the vehicle any time a driver was arrested on a DUI or did not have a valid license. *Id.* (citing former WAC 204-96-010 (2001)). Based on the principle of constitutional avoidance, we held that the rule exceeded the scope of the rule-making authority vested in the state patrol. *Id.* at 156. Justice Chambers joined the lead opinion in full but stressed that "the legislature must have known that, for the poor, impoundment often means forfeiture. While there are procedures for an owner to recover an impounded

We will briefly touch on some of the remaining arguments. Amicus Washington State Patrol suggests that the fact that probable cause is required for the arrest of the driver is sufficient to render the seizure of the vehicle constitutional. *See* Br. of Amicus Curiae Wash. State Patrol at 13 (citing *State v. Walker*, 157 Wn.2d 307, 319, 138 P.3d 113 (2006)). *Walker* considered the constitutionality of a statute that allowed officers to arrest for certain drug-related misdemeanors that did not occur in the officer's presence so long as probable cause existed. 157 Wn.2d at 310. At common law, officers' power to make such arrests was limited to offenses that occurred *in* their presence. *Id.* at 312. We concluded that the statute did not violate article I, section 7 because the existence of probable cause provided the authority of law required for the arrest itself—not some larger seizure of persons or things. That determination of probable cause requires the very act of judgment that RCW 46.55.360 seeks to eliminate here.[4]

---

vehicle, for the poor who cannot afford the towing and storage fees, these procedures offer little relief." *Id.* at 164-65 (Chambers, J., concurring).

[4] Relying on a case where we held a probationer had a lessened expectation of privacy, the Washington State Patrol suggests that those arrested (but not yet convicted) on DUI have a lessened expectation of privacy that justifies impounding their vehicles. *See* Br. of Amicus Curiae Wash. State Patrol at 16 (citing *State v. Olsen*, 189 Wn.2d 118, 128, 399 P.3d 1141 (2017)). But there is a world of difference between someone who has been released under probation conditions, as was the case in *Olsen*, and someone who has merely been arrested. We recently declined the State's invitation to hold that those charged but not yet convicted have a lessened expectation of privacy in *Blomstrom v. Tripp*, 189 Wn.2d 379, 408-10, 402 P.3d 831 (2017).

11

The State also contends that RCW 46.55.360 is constitutional because "the state's interest in curtailing the 'great threat' of death and injury attributable to impaired driving outweighs the privacy interests of persons for whom there is probable cause to arrest for driving or controlling a vehicle while under the influence of alcohol or drugs." Reply Br. of Pet'r at 8-9; *see also* Br. of Pet'r at 7. But that goes to whether the statute violates due process or is within the general police power of the state to enact. *See generally Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Fields v. Dep't of Early Learning*, 193 Wn.2d 36, 51, 434 P.3d 999 (2019) (plurality opinion). It is not the test to determine whether a statute is constitutional under article I, section 7. We do not use a balancing test to determine whether a statute violates article I, section 7. We did not use it in *Miles*, where we found the administrative subpoena provisions of chapter 21.20 RCW (The Securities Act of Washington) violated article I, section 7, and we did not use it in *Walker*, where we found the expansion of officers' power to arrest for misdemeanors that occurred outside their presence did not. *Miles*, 160 Wn.2d at 243-44; *Walker*, 157 Wn.2d at 313 (citing *In re Pers. Restraint of Maxfield*, 133 Wn.2d 332, 339, 945 P.2d 196 (1997) (plurality opinion)); *see also State v. Reeder*, 184 Wn.2d 805, 814, 365 P.3d 1243 (2015). In those cases, we used the two-step analysis

12

described in *Puapuaga*, 164 Wn.2d at 522. Under that two-step analysis, we find this statute unconstitutional. It authorizes a disturbance of private affairs regardless of whether authority of law exists. Since the record establishes that the officer did not consider reasonable alternatives, the seizure was unconstitutional, and the trial court properly suppressed its fruits.

CONCLUSION

RCW 46.55.360 waives what our constitution requires before a car may be seized: either probable cause or a long-standing exception to the warrant requirement, such as community caretaking. In addition, in the absence of probable cause, a car may be impounded only after individualized consideration of reasonable alternatives. Since the officer did not do that individualized consideration and since there was no probable cause to seize the vehicle, the seizure was unlawful. Therefore, the fruits of the inventory search must be suppressed. Accordingly, we affirm and remand the case to the trial court for further proceedings consistent with this opinion.

González, J.

WE CONCUR:

Fairhurst, C.J.

Madsen, J.

Owens, J.

Stephens, J.

Wiggins, J.

Gordon McCloud, J.

Yu, J.