**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pablo GONZALEZ–RAMIREZ, Defendant–Appellant.**

No. 03–30368.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided July 12, 2004.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

**6.** *See Acewicz v. INS,* 984 F.2d 1056, 1063 (9th Cir.1993).

**7.** *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

**8.** *See id.* at 852.

Lawrence H. Hyman, Ralph E. Meczyk, Law Offices, Chicago, IL, for Defendant–Appellant.

Before: PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Pablo Gonzalez–Ramirez ("Gonzalez–Ramirez"), convicted of possession with intent to distribute a controlled substance, challenges the denial of his motion to suppress evidence obtained through a search of his impounded minivan. He contends that his Fourth Amendment rights were violated because the state trooper who impounded the vehicle did not consider alternatives to impoundment. We do not recite the facts and procedural history of the case, except as necessary, because they are known to the parties. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

As an initial matter, we note that the appellant has not challenged the canine sniff of the impounded vehicle which formed the basis of the warrant obtained by police to search the vehicle. Therefore, we do not address any possible Fourth Amendment violation presented by the apparent expansion of an ordinary impoundment into a drug investigation. *See Illinois v. Caballes,* 207 Ill.2d 504, 280 Ill.Dec. 277, 802 N.E.2d 202 (2003), *cert. grant-*

**9.** *See INS v. Ventura,* 537 U.S. 12, 16—17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed —— U.S. ——, 124 S.Ct. 1875, 158 L.Ed.2d 466 (Apr. 5, 2004).

We review *de novo* a district court's denial of a motion to suppress, but we review the court's factual findings underlying the denial for clear error. *United States v. Fernandez–Castillo*, 324 F.3d 1114, 1117 (9th Cir.2003).

Under Washington law, a police officer deciding whether to impound a vehicle must consider alternatives. *State v. Coss*, 87 Wash.App. 891, 943 P.2d 1126, 1129 (1997). Here, Gonzalez–Ramirez contends that the state trooper neither inquired whether his wife, the sole passenger, could drive the vehicle, nor asked whether anyone else in the vicinity could remove it. The District Court concluded, however, that the trooper did ask the appellant's wife for identification and that Gonzalez–Ramirez indicated that she had none. This finding does not amount to clear error.

Although the state trooper called for a tow truck immediately after learning that Gonzalez–Ramirez's driver's license was suspended, the trooper testified that he did not conclusively decide to impound the minivan until after failing to locate another driver who could remove the car. He testified that he called for the tow truck at once because of the remoteness of the location and because he had authority to detain a person not in custody only for a reasonable amount of time. This explanation is reasonable. In addition, the record does not support the appellant's contention that the state trooper admitted at the suppression hearing that he asked Mrs. Ramirez for identification only after deciding to impound the vehicle.

Furthermore, the fact that neither the videotape of the incident nor the police report documents the state trooper's query is not dispositive: the trooper testified that he shut off the video recorder before asking the appellant's wife for identification, and the police report, while not specifically stating whether the trooper asked Mrs. Ramirez for identification, did state that Mrs. Ramirez did not produce any. Furthermore, it was reasonable for the trooper (and the District Court) to conclude that as Mrs. Ramirez did not produce any identification, she did not have a valid driver's license with her.

While the state trooper did not ask whether another licensed driver in the vicinity could remove the minivan, an officer is not required to eliminate all alternatives before impounding a vehicle. *Coss*, 943 P.2d at 1130. In addition, as the District Court noted, Gonzalez–Ramirez was from Arizona, the registered owner presumably in California, and the location of the stop a remote area of Eastern Washington. *State v. Peterson*, 92 Wash.App. 899, 964 P.2d 1231 (1998), found an impoundment reasonable where the registered owner of the vehicle was not present to authorize another driver to move the car. In the circumstances, the failure to ask Gonzalez–Ramirez whether another driver could remove the car did not make the impoundment unlawful.

Because the District Court did not clearly err in determining that the state trooper inquired into an alternative to impoundment, we affirm.

AFFIRMED.